UNITED INSURANCE COMPANY OF AMERICA, a Corporation, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 12577.

United States Court of Appeals Seventh Circuit.

Dec. 11, 1959.

---

Bernard G. Segal, Philadelphia, Pa., E. B. McGuinn, Chicago, Ill., Teschke, Burns, Maloney & McGuinn, Chicago, Ill., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Almore H. Teschke, Chicago, Ill., Irving R. Segal, Josephine H. Klein, Philadelphia, Pa., for petitioner.

Stuart Rothman, General Counsel, Marion L. Griffin, Thomas J. McDermott, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Frederick U. Reel, Attorney, National Labor Relations Board, Washington, D. C., for respondent.

Isaac N. Groner, Washington, D. C., for amicus curiæ.

Before DUFFY, KNOCH, and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This is a petition to review a decision and order issued by the National Labor Relations Board (Labor Board) under § 10(f) of the Labor Management Relations Act, 1947, 61 Stat. 136, 29 U.S.C.A. §§ 141–166, and a cross-petition by the Labor Board for enforcement of that order.

The instant case was designated before the Labor Board as No. 4–CA–1576. The Board issued an order requiring United Insurance Company of America (United) to bargain collectively with Insurance Agents' International Union, AFL-CIO (Union) as the collective bargaining agent for the "Licensed Debit Agents" who serve United in Pennsylvania.

On July 22, 1953, Local No. 5, Insurance Workers of America, CIO, filed a petition with the Labor Board seeking certification as collective bargaining agent for United's debit agents operating in Philadelphia. This proceeding was designated Case No. 4–RC–2052. On August 26, 1953, Insurance Agents' International Union, AFL, filed a petition seeking certification as collective bargaining agent for United's debit agents in Harrisburg, Pittsburgh and Hanover, Pennsylvania. The designation of this

proceeding was Case No. 4–RC–2110. These two petitions were consolidated for a hearing which was held on October 12 and 13, 1953.

In a decision dated May 11, 1954 (108 NLRB 843) the Board held that the debit agents were employees of United rather than independent contractors. The Board further held that the appropriate bargaining unit consisted of all debit agents serving United throughout the state of Pennsylvania. Since the CIO Union did not wish to appear on a ballot for a state-wide unit, its petition for certification was dismissed by the Board. On May 28, 1954, the AFL Union withdrew its petition for certification. No election was held. No further proceedings were had in these cases.[1]

Two and a half years after the original certification petitions were voluntarily dismissed and withdrawn respectively, the present Union filed a petition seeking certification as collective bargaining agent for all the debit agents serving United in Pennsylvania. An agreement was entered into between United and the Union for a consent election.[2]

An election and a re-run election were held. The Union won the re-run election and on May 7, 1957, the Acting Regional Director of the Labor Board certified the Union as collective bargaining agent for all debit agents serving United's industrial insurance policies in Pennsylvania. United refused to bargain, claiming it was under no obligation to bargain with the Union because the "licensed debit agents who work in Pennsylvania * * were and are independent contractors and not employees within the meaning of the Act."

United is an Illinois corporation engaged in the insurance business. It issues commercial and industrial life, health and accident, and hospitalization insurance policies. By Pennsylvania law, industrial life insurance is sold in policies of less than $1000 on a weekly premium basis. Debit agents are engaged primarily in selling and collecting premiums on industrial life insurance policies issued by United. However, they, at times, collect premiums on other types of insurance policies issued by United.

In order to sell insurance, an agent must be licensed by the state. The license authorizes him to sell specific types of insurance for a specific company. However, some agents are licensed to sell insurance for more than one company.

The principal issue litigated at the hearing before the Labor Board was whether the debit agents were employees of United or independent contractors. In many respects, a debit agent has the attributes of an independent contractor. After being introduced to his initial policy holders by his superintendent, he is largely on his own. He sets his own hours of work and work days. He pays his own expenses such as transportation, advertising, postage and gifts to policy holders or prospects.

On the other hand, there are a number of aspects of the duties of debit agents which might indicate their status is that of employees of United. The Labor Board so found in both the 1954 Proceedings and in the instant case. However, we do not reach that question. We are met with a threshold question of whether United has been denied procedural due process.

It is true that in the 1954 Proceedings (4–RC–2052 and 4–RC–2110) the Labor Board determined the debit agents were employees of United, but United had no opportunity to have that adverse decision reviewed. The petition of one Union was

1. These cases will be referred to as "The 1954 Proceedings."

2. Paragraph 13 of that Agreement provided: "By consenting to this Agreement (United) does not waive its position that licensed debit agents of United Insurance Company of America are independent contractors and not employees but waives the right to raise such issue in these proceedings."

dismissed because that Union did not wish to appear on a ballot for a state-wide election, and the other Union, with the Labor Board's consent, withdrew its petition before an election was held. Yet, two and a half years later, a Board consisting almost completely of different members than those who considered the 1954 Proceedings, gave binding effect to the earlier Board decision.

The Labor Board is a continuing body. Changes in membership are usually of no moment as to decisions made by the Board. But the trial examiner set the tempo of the instant proceedings when he took the position that he was bound by the Findings of Fact made by the Labor Board in the 1954 Proceedings. He did not make any findings or rulings of his own, nor express an opinion on the basic question of whether debit agents were employees of United within the meaning of the Act. In its final order, the Labor Board approved the examiner's rulings.

We hold the decision of the Labor Board in the 1954 Proceedings could not serve as a substitute for evidence in the instant proceeding. We approve the rationale of the decision of the District Court for the District of Columbia (Connecticut Light & Power Co. v. Leedom, D.C.1959, 174 F.Supp. 171). The Court there said, at page 174: " * * * And, as indicated by the defendant, the Board itself has held that a prior Board determination of employee status is not binding in future representation proceedings, especially where, as here, there is no bargaining history (Citing cases). A fortiori, a prior Board determination of employee status in a representation proceeding would not be binding in a future unfair labor practice proceedings."

The order of the Labor Board must be and is set aside and remanded for a full hearing and decision based upon a consideration of all relevant evidence. The cross-petition of the Labor Board for enforcement of its order is denied.