INTERNATIONAL UNION OF ELEC-TRICAL RADIO AND MACHINE WORKERS, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 19072.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 28, 1965.

Decided Feb. 11, 1965.

**328**

Mr. Benjamin C. Sigal, Washington, D. C., with whom Messrs. David S. Davidson and Winn I. Newman and Miss Marilyn G. Rose, Washington, D. C., were on the pleadings, for petitioner.

Mr. Melvin J. Welles, Attorney, National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, and Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, were on the pleadings, for respondent.

Before BAZELON, Chief Judge, and FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

The Union petitions for writ of mandamus to require the National Labor Relations Board to file with this court the record of proceedings before the Board which eventuated in an order on December 16, 1964. On that date the Union as an aggrieved party petitioned this court to review the order by filing its petition to that end in the office of our Clerk at or about 10:30 a. m. The General Electric Company, also as an aggrieved party, respondent in the Board proceedings, on the same date and at or about the same time, filed a petition with the United States Court of Appeals for the Seventh Circuit for review by that court of the same order.

The Labor Management Relations Act, 1947, under which the order was entered, provides in Section 10(f) that any person aggrieved by a final order of the character here involved, may obtain a review of it in this court or in a United States Court of Appeals in the circuit where the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business. 61 Stat. 148 (1947), 29 U.S.C. § 160(f) (1958). The General Electric Company, found by the Board in the order to have engaged in unfair labor practices does business in the Seventh Circuit. Accordingly both that circuit and this court were available for petitions to review the order. Where, as here, the Union petitions one available court of appeals and the employer another, 28 U.S.C. § 2112(a) (1958) provides that the Board shall file the record with that court in which the first petition is filed;[1] and the filing of the record completes the vesting of jurisdiction in the court to dispose of the case.[2]

The Union claims it filed its petition with our Clerk 14 seconds before the employer succeeded in filing its petition with the Clerk of the Seventh Circuit. The employer, on the other hand, claims it won the race.

---

1. The pertinent part of 28 U.S.C. § 2112 (a) states that the agency, here the Board,

"shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals."

2. Section 10(e) of the Labor Management Relations Act, 61 Stat. 147, 148 (1947), 29 U.S.C. § 160(e) (1958).

The Board has been unable to determine that either was first. Upon the basis of all data supplied to the Board on the issue we accept the factual finding of the Board that neither Union nor employer can be said to have filed before the other.

In the above situation the Board takes the position that Section 2112(a) is inapplicable, since there was no first in the time of institution of the judicial proceedings. The Board accordingly invokes its own authority under Section 10(e) of the Act to petition a court of appeals to enforce its order. This Section authorizes the Board to petition any United States Court of Appeals within any circuit wherein the unfair labor practice occurred or wherein the respondent before the Board resides or transacts business. The unfair labor practices in this case occurred in the Second Circuit. The Board accordingly, and consistently with its usual practice when it petitions for enforcement of one of its orders, advises us, as it has advised the parties, that it proposes to petition the Court of Appeals for the Second Circuit for enforcement of its order and to file the record there if not precluded from doing so by the Court of Appeals for the Seventh Circuit or by this court. The Board points out that not only would this enable all questions affecting the validity of its order to be decided by the Second Circuit but, also, would enable that forum to decide whether "for the convenience of the parties" to "transfer all the proceedings with respect to such order to any other court of appeals." 28 U.S.C. § 2112(a), *supra*.

Clearly in the above circumstances the course the Board proposes to pursue if permitted to do so is within its authority and eminently sensible. We have no reason to stand in the way of its fulfillment. The writ prayed will be denied.

It is so ordered.

Chief Judge BAZELON concurs in the result only because he thinks that the circumstances of the case do not warrant the extraordinary relief of mandamus.