**CITY OF CHICAGO, a Municipal Corporation of State of Illinois, and Public Service Commission of the State of Wisconsin, Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 19604.**

United States Court of Appeals District of Columbia Circuit.

Nov. 4, 1965.

Mr. William E. Torkelson, Madison, Wis., was on the pleadings for petitioner Public Service Commission of the State of Wisconsin. No appearance was entered for petitioner City of Chicago.

Messrs. Howard E. Wahrenbrock, Sol., and Peter H. Schiff, Deputy Sol., F. P. C., were on the pleadings for respondent.

Mr. William W. Brackett, Chicago, Ill., was on the motion for Natural Gas Pipeline Co. of America, movant for leave to intervene.

Before DANAHER, WRIGHT and McGOWAN, Circuit Judges, in Chambers.

PER CURIAM.

City of Chicago and Public Service Commission of Wisconsin, petitioners for review here, have asked this court to direct the Federal Power Commission to file in this court the record of the proceedings before the Federal Power Commission in its docket RP 61–8. Federal Power Commission in its memorandum submitted its reasons for believing that

the instant proceedings had been "instituted" subsequent to a proceeding seeking review of the same order in the United States Court of Appeals for the Third Circuit, instanced by Natural Gas Pipeline Company of America, Inc. The above-named petitioners in compliance with our Rules and practice had filed their petition for review in this court on August 11, 1965 at 9 A.M., E.D.S.T.

Natural Gas Pipeline Company of America, Inc. on August 10, 1965 had mailed its petition for review to the Clerk of the United States Court of Appeals for the Third Circuit. An exhibit before us reveals that the clerk of that court had informed the Federal Power Commission that a "docket number was assigned, and the receipt for the clerk's fees completed at 10:20 A.M." E.D.S.T. The clerk further informed the Commission that its counsel "will probably have to determine whether within the meaning of the statute a proceeding is 'instituted' when the clerk receives the petition in the mail, or when he assigns a docket number to the case and signs a receipt for the clerk's fees."

In light of the materials now before this court it would appear that a proceeding should be deemed "first instituted" within the meaning of 28 U.S.C. § 2112(a) when in accordance with the applicable rules of court and its practice, a petition shall have been accepted for filing by the clerk of the court. On that basis it would appear that the petitioners had first instituted the instant proceeding in this circuit. Accordingly, the Commission would seem to be required by section 2112(a) to file the record here.

In this view, issuance of a writ of mandamus is not presently warranted. Cf. International Union of Electrical R. & M. Wkrs. AFL-CIO v. N. L. R. B., 120 U.S.App.D.C. 45, 343 F.2d 327 (1965). The Commission has not yet filed the record elsewhere, and indeed has asked this court to enlarge the time in which to file a certified index of the record, pending the present decision. Therefore, the Commission may still file the record here, in conformity with the views we have expressed. Moreover, should the Commission for some reason file the record in the Third Circuit, presumably it would be open to the petitioners upon proper showing to urge that court to transfer Natural's petition to this Circuit.

The motion for leave to intervene is granted. The petition for an order directing the Federal Power Commission to file in this court the record in F.P.C. docket No. RP 61–8 is denied.

McGOWAN, Circuit Judge, did not participate in the consideration or decision in this matter.