360 F.2d 823
 INSURANCE WORKERS INTERNATIONAL UNION, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
UNITED INSURANCE COMPANY OF AMERICA, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 19555.
 No. 19647.
 United States Court of Appeals District of Columbia Circuit.
 Argued September 30, 1965.
 Decided February 28, 1966.
 Petition for Rehearing En Banc in No. 19555 Denied April 11, 1966.
 
 Mr. Irving R. Segal, Philadelphia, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, with whom Mr. Kenneth C. McGuiness, Washington, D. C., was on the pleadings for movant United Insurance Company of America.
 Mr. Isaac N. Groner, Washington, D. C., for petitioner in No. 19555.
 Miss Vivian A. Asplund, Attorney, National Labor Relations Board, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, for respondent. Mr. Marcel Mallet-Prevost, Assistant General Counsel, National Labor Relations Board, was on the pleading for respondent.
 Before WASHINGTON, Senior Circuit Judge,* and DANAHER and BURGER, Circuit Judges.
 DANAHER, Circuit Judge:
 
 
 1
 This case presents a variant from the increasingly familiar "race-to-the-court-house" situations. Overruling exceptions to the decision of the Trial Examiner, the Board in its case No. 5-CA-2930 on July 28, 1965 filed its Decision and Order.[1] United Insurance Company of America, hereinafter referred to as "United," filed in the United States Court of Appeals for the Seventh Circuit[2] under that court's number 15,266, a petition to review and reverse the Board's order. That petition was filed at 12:24 P.M., C.D.T. on July 29, 1965. That same day, but at 9:36 A.M., E.D.T., under this court's number 19,555, the Union had here filed a petition to review the same order. Thereupon, pursuant to the provisions of 28 U.S.C. § 2112(a), on the Board's motion, the Seventh Circuit transferred its case No. 15,266 to this court, and as of August 28, 1965, the proceeding received our No. 19,647. We direct that the respective proceedings before this court be consolidated.
 
 
 2
 United had moved here to intervene in case No. 19,555 and to dismiss the Union's petition for review, or alternatively, that the proceeding be transferred to the Seventh Circuit. The motion to intervene will be granted.[3] The Board recognizes that if this court should determine[4] that the Seventh Circuit is the proper forum, the cases as consolidated will then be transferred to that court.
 
 
 3
 The Union purports to establish that it is a "person aggrieved" on the grounds: (1) that the Board's order does not compel United to bargain with respect to its debit agents who handle fire insurance as well as to debit agents who handle health and life insurance; and (2) that the Board's order should have compelled United to accept and to abide by terms of a collective bargaining agreement which, the Union contends, would have been entered into if United had bargained in good faith with the Union.
 
 
 4
 United for its part insists that all of its debit agents were independent contractors and not employees, and that a determination as to which they are was the only issue before the Trial Examiner and the Board.[5] United contends that it had never refused to bargain in good faith and that it has sought only a determination as to the status of the debit agents. Since the Board decided that the debit agents are employees, United urges it is the only party genuinely aggrieved by the Board's order.
 
 
 5
 Accordingly United argues that the Union's claims were advanced "for the sole purpose of giving some colorable basis to an assertion by the Union" of alleged aggrievement by the Board's order so as to vest jurisdiction in this court. Therefore, the Union is not a "person aggrieved"[6] and has no standing to seek review of the order and its petition should be dismissed.
 
 
 6
 The papers before us disclose that on or about June 4, 1964, the Union filed its petition with the Baltimore office of the National Labor Relations Board seeking certification as bargaining representative for "All debit agents employed and working out of" United's district offices in the city of Baltimore and in Anne Arundel County, Maryland. The petition represented that 160 employees comprised the covered unit.
 
 
 7
 On July 6, 1964, United and the Union with the approval of the Regional Director of the Board in Baltimore entered into a stipulation for Certification upon Consent Election. The stipulation recited, inter alia, United's claim that its debit agents are independent contractors and that United reserved its right to raise and pursue that claim in any other proceeding "that may result from its refusal to bargain with any organization certified pursuant to this stipulation." Respective counsel for United and the Union confirmed by exchange of letters their mutual understanding that the purpose of the stipulation was to provide "a basis for resolution of the dispute concerning the status of United's debit agents through an unfair labor practice proceeding and subsequent court review."
 
 
 8
 Following an election held pursuant to the stipulation, the Regional Director certified the Union as the bargaining agent for United's debit agents. The Union demanded that the Company bargain collectively with it. Developed in further correspondence between counsel was the refusal of United so to bargain, with a reiteration of the terms of the reservation establishing the procedure by which the issue ultimately might be decided.
 
 
 9
 The Trial Examiner made explicit and the attorney for the General Counsel made clear that there was no question of "bad faith or refusal beyond the issue concerning debit agents."[7] The Examiner further "noted that the record on the issue of refusal to bargain is devoid of" a pattern of resistance by United. Upon the basis of his findings of fact and "upon the entire record in the case," the Examiner concluded:
 
 
 10
 "All debit agents of the company in districts in Baltimore city and Anne Arundel County, Maryland * * * but excluding all office clerical employees, guards * * * and supervisors as defined in the Act constitute a unit appropriate for the purposes of collective bargaining within the meaning of section 9(b) of the Act."
 
 
 11
 The Examiner's recommended notice to all employees, following his proposed order, was specifically directed to "all" such debit agents, and further provided:
 
 
 12
 "We will not refuse to bargain collectively with INSURANCE WORKERS INTERNATIONAL UNION, AFL-CIO, as the exclusive representatives of our employees in the unit described herein."
 
 
 13
 After the Board had entered its Order adopting as its own the order as recommended by the Trial Examiner, the respective petitions for review were filed, as above noted. Notwithstanding the terms of the stipulation and the limitation of the issue before the Trial Examiner, the Union has here sought an order to compel United to accept and to abide by terms of a proposed collective bargaining agreement which, the Union contends, would have been entered into if United had bargained, and further to compel United to bargain with respect to debit agents handling fire insurance as well as health and life insurance.
 
 
 14
 We are not persuaded that the Union has shown itself to be a person "aggrieved by a final order of the Board * * * denying * * * in part the relief sought," within section 10(f) of the Labor Management Relations Act.[8] Of course, a charging party in some circumstances may be aggrieved by an order which denies in part the relief sought,[9] but that does not seem to us to be the case presented here. It is not even the "hybrid situation" discussed by the Supreme Court in the Scofield and Fafnir case.[10] Here the parties had expressly stipulated the crucial issue, and subsequent action by the Trial Examiner and the Board had gone forward on the basis of that stipulation[11] and the record as compiled.
 
 
 15
 Such was the background for the determination that the personnel involved are employees. The Union's petition had specifically described the Union as including "all" debit agents employed and working out of United's district offices in the defined area.
 
 
 16
 Surely, if the position asserted by United is correct, the personnel involved will be deemed to be independent contractors. If, conversely, such personnel are ultimately found to be employees, the reach of the Board's order will include fire insurance agents as well as debit agents for health and life insurance. It would appear beyond question that such was the view of the Trial Examiner and of the Board. The Trial Examiner's decision expressly stated:
 
 
 17
 "There is no demarcation between the functions of agents and supervisors with respect to policies of the Respondent company and policies of the related United Fire Insurance Company. Testimony with respect to the latter is relevant to the extent that it bears on such functions and the relationship in issue; but it is slight and quite unnecessary for any decision herein. There is no issue here and no findings need be made concerning integration of operations of these companies or their relationship."
 
 
 18
 Moreover, at argument when questioned from the bench United's counsel conceded in open court that if the Board's order were upheld, United would be bound to bargain with respect to fire insurance agents in addition to debit agents for health and life insurance.
 
 
 19
 The Union claims that the Board's Order should have compelled United to bargain respecting a draft of the proposals which the Union would have submitted if, accepting the contention that the personnel are employees, United had bargained in good faith. So inherently speculative a proposition suggests that the Board would have lacked power to "compel concessions or otherwise sit in judgment upon the substantive terms of collective bargaining agreements."[12]
 
 
 20
 In light of the stipulations and of the correspondence between counsel, and after taking into consideration the Trial Examiner's decision as approved by the Board, the memoranda of the parties and the pleadings before us, we have no doubt that the Union as charging party has been afforded the relief it had sought respecting the controlling issue. That "relief" determined the personnel in question to be "employees."
 
 
 21
 Viewed otherwise, the remedy as contemplated by the Board for the reasons we have stated extends to an inclusion of agents writing fire insurance, within the covered unit. Again, with the Union's representative status established, the Board's Order already comprehends to the extent[13] possible, future bargaining as to terms. The Union is not, in the peculiar circumstances shown by this record, such a person aggrieved as to be entitled to seek review of the Board's order in this court when United has filed its petition for review in the Seventh Circuit.
 
 
 22
 United as the party charged has become, in view of the terms of the Order, a person aggrieved within the meaning of section 10(f) of the Act.
 
 
 23
 The Board has here filed[14] its "Index to Certified List" which constitutes a reference to the full and accurate transcript of the entire record of the proceedings before the Board. It had so acted after concluding[15] that the Union had here "first instituted" a review proceeding as referred to in 28 U.S.C. § 2112(a) (1964). Under such circumstances the Seventh Circuit had transferred to this court its case No. 15,266, our No. 19,647. Since, for reasons stated, we have concluded that United as the party charged is aggrieved, it was entitled to seek review in the forum of its domicile. It had properly sought review in the Seventh Circuit. Thus, we will transfer[16] these proceedings to the Seventh Circuit.
 
 
 24
 We will not however grant United's motion to dismiss the Union's petition in No. 19,555. Our denial will be without prejudice to renewal by the Union in the transferee court. We should not and we do not undertake to bind the Seventh Circuit on the Union's claim that it is a person aggrieved. That court will be free to rule on the Union's standing. We say only that at this stage of the consolidated proceedings, it has not been made to appear to this court that the Union was entitled to seek here a review of the Board's Order. In short, merely to be first in reaching a court house is not enough; lacking genuine aggrievement, one may not enter.
 
 
 25
 We conclude that "in the interest of justice" the consolidated proceedings should be transferred to the Seventh Circuit as a proper forum in which the charged party was entitled to seek review of the Board's Order.
 
 
 26
 We will issue our order comformably to the dispositions discussed.
 
 
 27
 So ordered.
 
 
 28
 WASHINGTON, Senior Circuit Judge, took no part in this opinion.
 
 
 
 Notes:
 
 
 *
 Circuit Judge Washington became Senior Circuit Judge on November 10, 1965
 
 
 [1]
 154 NLRB No. 9
 
 
 [2]
 United was incorporated in the state of Illinois and has its principal office in Chicago. It has represented that the same parties and the same issues were involved in United Insurance Company of America v. N.L.R.B., 272 F.2d 446 (7 Cir. 1959), and United Insurance Company of America v. N.L.R.B., 304 F.2d 86 (7 Cir. 1962)
 
 
 [3]
 Cf. International Union, United Auto, Aerospace and Agr. Implement Workers, etc. v. Scofield (Auto Workers v. Fafnir Bearing Co.), 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965)
 
 
 [4]
 We so decided in No. 15,849, Local 2674, United Brotherhood of Carpenters v. N.L.R.B. (Butcher Boy Refrigeration Door Co.), 47 LRRM 2688, Sept. 16, 1960. We there were satisfied that the grounds for review urged by the Union pertained to findings which did not substantially affect the order of the Board and that the Union had sought review in this court in order to have its choice of forum rather than because it felt aggrieved by the Board's order. We disregarded a like contention and went directly to the merits in International Union of United Brewery, etc. v. N.L.R.B., 111 U.S.App.D.C. 383, 298 F.2d 297 (1961), cert. denied, Gulf Bottlers, Inc. v. N.L.R.B., 369 U.S. 843, 82 S.Ct. 875, 7 L.Ed.2d 847 (1962)
 
 
 [5]
 United submits that the only way it could obtain a review of a Board finding that the agents were employees within the Act would be in an enforcement proceeding by the Board, or by a petition for review after the Board found that the Company had committed an unfair labor practice in refusing to bargain. See, e.g., Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964)
 
 
 [6]
 See § 10(f) of the Act; 61 STAT. 148 (1947), 29 U.S.C. § 160(f) (1964)
 
 
 [7]
 The Trial Examiner's decision noted that the issue had been reserved by stipulation entered into in the prior representation proceeding and that United admitted a request and refusal to bargain but denied that the unit is appropriate. He stated: "It was agreed that the only substantive issue before us is whether the debit agents in the area described are employees or independent contractors." The Board adopted the findings of its Trial Examiner in its Decision and Order,supra note 1.
 And see Local 282, International Bro. of Teamsters, etc. v. N.L.R.B., 339 F.2d 795, 799 (2 Cir. 1964).
 
 
 [8]
 61 STAT. 148 (1947), 29 U.S.C. § 160(f) (1964)
 
 
 [9]
 Supra note 3.
 
 
 [10]
 Supra note 3.
 
 
 [11]
 Chapman v. Potomac Chemical Co., 81 U.S.App.D.C. 406, 159 F.2d 459 (1947); Marsman v. Commissioner of Internal Revenue, 216 F.2d 77 (4 Cir. 1954), cert. denied, 348 U.S. 943, 75 S.Ct. 364, 99 L.Ed. 738 (1955); cf. Verkouteren v. District of Columbia, 120 U.S.App.D.C. 361, 363, 346 F.2d 842, 844 (1965); fairly, it may be assumed, the charged party was entitled to know with fair certainty the basis of its possible amenability. See General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154 (1935)
 
 
 [12]
 National Labor Relations Board v. American Nat. Ins. Co., 343 U.S. 395, 404, 72 S.Ct. 824, 829, 96 L.Ed. 1027 (1952); the statute "does not encourage a party to engage in fruitless marathon discussions at the expense of frank statement and support of his position."Ibid. And see id., 408, 72 S.Ct. 824.
 
 
 [13]
 See note 12,supra.
 
 
 [14]
 See § 10(e) of the Act, 61 STAT. 147, 148, 29 U.S.C. § 160(e) (1964)
 
 
 [15]
 Cf. International Union of Electrical R. & M. Wkrs., etc. v. N.L.R.B., 120 U.S. App.D.C. 45, 343 F.2d 327 (1965). In City of Chicago v. Federal Power Commission, 123 U.S.App.D.C. ___, 360 F.2d 828 (1965), our Per Curiam opinion accompanying our order recited that "a proceeding should be deemed `first instituted' within the meaning of 28 U.S.C. § 2112 (a) when in accordance with the applicable rules of court and its practice, a petition shall have been accepted for filing by the clerk of the court."
 
 
 [16]
 "For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals." 28 U.S.C. § 2112(a) (1964)