**MUNICIPAL DISTRIBUTORS GROUP,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent,

United Distribution Companies et al.,
Intervenors.

**PUBLIC SERVICE COMMISSION FOR
the STATE OF NEW YORK,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent,

Mobil Oil Corporation et al., Intervenors.

**MOBIL OIL CORPORATION, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
Respondent,

United Distribution Companies et al.,
Intervenors.

Nos. 71–1724, 71–1725, 71–1735.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 11, 1972.

**1368**

Mr. J. Richard Tiano, First Asst. Sol., Federal Power Commission, was on the motion to transfer for respondent.

Messrs. Tom P. Hamill, Houston, Tex., and Carroll L. Gilliam, Washington, D. C., were on the response to the motion to transfer for petitioner in No. 71–1735 and intervenor Mobil Oil Corporation in Nos. 71–1724 & 71–1725. Mr. Philip R. Ehrenkranz, Washington, D. C., also entered an appearance for Mobil Oil.

Messrs. Tilford A. Jones and William A. Mogel, Washington, D. C., were on the reply of Intervenor United Distribution Companies opposing the response of Mobil Oil to the motion to transfer.

Messrs. Reuben Goldberg, Charles F. Wheatley, Jr., Washington, D. C., Jerome C. Muys, Washington, D. C., and George E. Morrow, Memphis, Tenn., were on the opposition to the motion to transfer for petitioner in No. 71–1724.

Messrs. Joseph J. Klovekorn, Albany, N. Y. and Michael H. Rosenbloom, Washington, D. C., were on the opposition to the motion to transfer for petitioner in No. 71–1725.

Messrs. Paul W. Hicks, Robert W. Henderson, Dallas, Tex., and Daniel F. Collins, Washington, D. C., were on the reply to the oppositions to the motion to transfer for intervenors Placid Oil Co. et al.

Before LEVENTHAL and MacKINNON, Circuit Judges.

### ORDER

PER CURIAM.

On consideration of the motion of the Federal Power Commission to transfer the above-entitled cases to the United States Court of Appeals for the Fifth Circuit, and of the responsive pleadings filed with respect thereto, it is

Ordered by the Court that the aforesaid motion to transfer is hereby granted, and these cases are hereby transferred to the United States Court of Appeals for the Fifth Circuit, in accordance with the opinion of this Court attached hereto.

PER CURIAM:

We have given consideration to the Federal Power Commission's motion to transfer the above-entitled proceedings to the United States Court of Appeals for the 5th Circuit and the oppositions and responses filed thereto. We are by no means confident that the difference of two seconds in the stamped filing time of the petitions filed in this Circuit and in the 5th Circuit is sufficiently meaningful to establish the automatic application of the mandate of 28 U.S.C. § 2112(a), or whether a different disposition might be permissible.* However the matter need not be explored so far as the instant controversy is concerned since the Court of Appeals for the 5th Circuit is "familiar with the background of the controversy through review of the same or related proceedings" by virtue of its consideration in Southern Louisiana Area Rate Cases v. FPC, 428 F.2d 407 (1970), and accordingly transfer to that circuit is in the public interest under the approach followed in Eastern Air Lines v. CAB, 122 U.S.App.D.C. 375, 354 F.2d 507 (1965). The motion to transfer is granted.

---

* See International Union of Electrical, Radio and Machine Workers, A.F.L.–C.I.O. v. National Labor Relations Board, 120 U.S.App.D.C. 45, 343 F.2d 327 (1965).

We do not pass on the contention of petitioner Municipal Distributors Group, in opposition to the motion to transfer, that the petitions to review filed in the Fifth Circuit represent "blatant forum shopping" in a case involving hundreds of millions of dollars in rates for natural gas produced in Southern Louisiana and the Gulf of Mexico, and that these petitions to review, filed by Placid Oil Company and its co-petitioners, various Hunt interests, reflect only a technical "aggrievement" and that any shortfall in the relief they requested of the Federal Power Commission is not signifi-cant enough to support their determining choice of forum. This court has recognized that sound doctrine resists "forum shopping" in a case of mere technical aggrievement, see International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, U.A.W.–A.F.L.–C.I.O. et al. v. NLRB, 126 U.S.App.D.C. 11, 373 F.2d 671, 674 (1967). However, it is for the Fifth Circuit where the pertinent petition to review was filed, to study it and consider whether that doctrine is applicable.

So ordered.