555 F2d 852
 180 U.S.App.D.C. 380, 20 P.U.R.4th 232
 AMERICAN PUBLIC GAS ASSOCIATION et al., Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent, and six other cases.
*
 No. 76-2000.
 United States Court of Appeals,
District of Columbia Circuit:
 Argued Dec. 17, 1976.
Decided Dec. 30, 1976.
Ordered November 9, 1976.
Ordered filed November 18, 1976.
 
 Charles F. Wheatley, Jr., Washington, D.C., with whom William T. Miller and Stanley W. Balis, Washington, D.C., were on the memoranda for petitioners American Public Gas Assn., Senator Hubert H. Humphrey, United Steelworkers of America, Intern. Assn. of Machinists and Aerospace Workers, Industrial Union Dept., AFL-CIO and for Toward Utility Rate Normalization (TURN).
 Daniel J. Guttman, White Plains, N.Y., was on the memoranda for petitioners James Abourezk, et al.
 James L. Feldesman, Washington, D.C., was on the memoranda for petitioner Consumer Federation of America.
 Carla Vivian Bello, Newark, N.J., was on the memoranda for petitioner New Jersey Bd. of Public Utility Com'rs.
 Warren Spannaus, St. Paul, Minn., was on the memoranda for petitioner, State of Minn.
 Rodney A. Wilson, St. Paul, Minn., was on the memoranda for petitioner, Minn. Public Service Commission.
 Steven M. Schur, Madison, Wis., was on the memoranda for petitioner, Public Service Commission of Wis.
 Stephen I. Schlossberg, Detroit, Mich., was on the memoranda for petitioner United Automobile Aerospace and Agricultural Implement Workers of America.
 David B. Graham, Washington, D.C., was on the memoranda for petitioner Nat. Rural Electric Cooperative Assn.
 Frank W. Frisk, Jr., Washington, D.C., was on the memoranda for petitioner American Public Power Assn.
 John E. Gunther, San Francisco, Cal., was on the memoranda for petitioner U.S. Conference of Mayors.
 Charles F. Brannan, Denver, Colo., was on the memoranda for petitioner National Farmers Union.
 Lee D. Sinclair, Potomac, Md., was on the memoranda for petitioner Nat. Farmers Organization.
 James F. Flug, Washington, D.C., was on the memoranda for petitioner Energy Action Committee.
 James L. Magavern, Buffalo, N.Y., was on the memoranda for petitioner County of Erie, N.Y.
 Leslie G. Foschio, Buffalo, N.Y., was on the memoranda for petitioner City of Buffalo, N.Y.
 Drexel D. Journey, General Counsel, Federal Power Commission, Washington, D.C., for respondent.
 
 
 1
 Peter H. Schiff, Gen. Counsel, New York City, and Richard A. Solomon and Sheila S. Hollis, Washington, D.C., were on the memoranda for Public Service Commission of the State of N.Y.
 
 
 2
 Gordon P. MacDougall, Washington, D.C., was on the memoranda for Commonwealth of Pennsylvania, et al.
 
 
 3
 Gordon Gooch, Washington, D.C., with whom Thomas G. Johnson, Houston, Tex., was on the memoranda for Tenneco Oil Co; Pennzoil Co., Pennzoil Producing Co.; Pennzoil Offshore Gas Operators, Inc.; Pennzoil La. and Texas Offshore, Inc.; The Rodman Corp., and Texasgulf, Inc. and Felmont Oil Corp.
 
 
 4
 David G. Stevenson, Tulsa, Okl., was on the memoranda for Amerada Hess Corp.
 
 
 5
 David M. Whitney, Houston, Tex., was on the memoranda for Aminol USA, Inc., et al.
 
 
 6
 William H. Emerson, Tulsa, Okl., was on the memoranda for Amoco Production Co.
 
 
 7
 R.F. Generally, Washington, D.C., was on the memoranda for Ashland Oil Inc. and General American Oil Co. of Tex.
 
 
 8
 E.J. Kremer, Jr., and D. Aston, Dallas, Tex., was on the memoranda for Atlantic Richfield Co.
 
 
 9
 Edwin S. Nail, Boston, Mass., was on the memoranda for Cabot Corp.
 
 
 10
 Justin R. Wolf, Washington, D.C., was on the memoranda for The Cal. Co., et al. and Chevron Oil Co., Western Div.
 
 
 11
 Sam Riggs, Jr., Liberal, Kan., was on the memoranda for Cities Service Oil Co.
 
 
 12
 W. Neal Powers, Jr., Houston, Tex., was on the memoranda for Estate of E. Cockrell, Jr.
 
 
 13
 Tom Burton and John M. Badger, Houston, Tex., were on the memoranda for Continental Oil Co.
 
 
 14
 T. Brooke Farnsworth and William Neal Powers, Jr., Houston, Tex., were on the memoranda for Damson Oil Corp.
 
 
 15
 W.E. Notestine, Amarillo, Tex., was on the memoranda for Diamond Shamrock Corp.
 
 
 16
 Scott Anger, Washington, D.C., was on the memoranda for Enserch Inc.
 
 
 17
 Martin N. Erck, Paul W. Wright and Edmunds Travis, Jr., Houston, Tex., were on the memoranda for Exxon Corp.
 
 
 18
 Wm. Neal Powers, Jr., Houston, Tex., was on the memoranda for Freeport Minerals Co.
 
 
 19
 Cloy D. Monzingo, Houston, Tex., was on the memoranda for Getty Oil Co.
 
 
 20
 B. James McGraw was on the memoranda for Gulf Oil Corp.
 
 
 21
 H. Lamar Curtis, Jr., Houston, Tex., was on the memoranda for J.M. Huber Corp.
 
 
 22
 Robert W. Henderson, Dallas, Tex., was on the memoranda for Hunt Oil Co., Inc.
 
 
 23
 Arthur S. Berner, New York City, was on the memoranda for Inexco Oil Co.
 
 
 24
 Derrill Cody and Patricia D. Robinson, Oklahoma City, Okl., were on the memoranda for Kerr-McGee Corp.
 
 
 25
 William A. Sackmann, Findlay, Ohio, was on the memoranda for Marathon Oil Co.
 
 
 26
 Tom P. Hamill, R.D. Haworth and Roscoe C. Elmore, Jr., Houston, Tex., were on the memoranda for Mobil Oil Corp.
 
 
 27
 John L. Williford, Bartlesville, Okl., was on the memoranda for Phillips Petroleum Co.
 
 
 28
 Paul W. Hicks and Jimmy C. Bailey, Dallas, Tex., were on the memoranda for Placid Oil Co.
 
 
 29
 Ronald E. Jarrett and Ronald J. Jacobs, Tulsa, Okl., were on the memoranda for Skelly Oil Co.
 
 
 30
 Richard F. Remmers, Oklahoma City, Okl., was on the memoranda for Sohio Petroleum Co.
 
 
 31
 William S. Jameson, Dallas, Tex., was on the memoranda for Southern Union Production Co.
 
 
 32
 James D. Olsen, Richardson, Tex., was on the memoranda for Sun Oil Co.
 
 
 33
 Roger L. Brandt, Houston, Tex., was on the memoranda for Texaco, Inc.
 
 
 34
 Michael B. Silva and Phyllis Rainey, Houston, Tex., were on the memoranda for Tenneco Oil Co.
 
 
 35
 George W. Hugo, Houston, Tex., was on the memoranda for Texasgulf, Inc.
 
 
 36
 Kenneth L. Riedman, Jr., Los Angeles, Cal., and Richard F. Wornson, Valencia, Cal., were on the memoranda for Union Oil Co. and Union Oil Company of Cal.
 
 
 37
 Alexander E. Bennett, David Bonderman, Washington, D.C., Willard B. Wagner, Jr., and Pat F. Timmons, Houston, Tex., were on the memoranda for Superior Oil Co.
 
 
 38
 Tilford A. Jones, Bethesda, Md., and C. William Cooper, Falmouth, Mass., were on the memoranda for United Distribution Companies.
 
 
 39
 Harold B. Scoggins, Washington, D.C., was on the memoranda for Independent Petroleum Ass'n of America.
 
 
 40
 Jerome McGrath, Washington, D.C., was on the memoranda for Interstate Natural Gas Ass'n.
 
 
 41
 Paul E. Goldstein and Paul W. Mallory, Chicago, Ill., were on the memoranda for Natural Gas Pipeline Co. of America.
 
 
 42
 Eugene W. Ward and T.E. Midyett, Jr., Nashville, Tenn., were on the memoranda for Tenn. Public Service Commission.
 
 
 43
 Jeffrey A. Meith, Oroville, Cal., was on the memoranda for Southern Cal. Gas Co.
 
 
 44
 James L. Bomar, Jr., Shelbyville, Tenn., was on the memoranda for East Tennessee Group.
 
 
 45
 Frank P. Saponaro, Jr., Washington, D.C., was on the memoranda for Statex Petroleum Inc.
 
 
 46
 J. David Mann, Jr., Washington, D.C., was on the memoranda for Laclede Gas Co.
 
 
 47
 Peter W. Hanschen, Los Angeles, Cal., was on the memoranda for Pac. Gas & Elec. Co.
 
 
 48
 Before: FAHY, Senior Circuit Judge; LEVENTHAL and ROBINSON, Circuit Judges.
 
 ORDER
 PER CURIAM:
 
 49
 The court has reached its decision of the venue question after consideration of the memoranda filed by counsel for petitioners and intervenors in this court and in the Fifth Circuit, of the relevant prior proceedings and pleadings in this matter, of paragraphs one and two of this court's order of December 13, 1976, herein, and of the oral argument before it.
 
 
 50
 It appearing to the court for reasons set forth in the accompanying per curiam filed this date that this court properly has jurisdiction and venue in these matters, it is
 
 
 51
 ORDERED by the court that respondent Federal Power Commission shall file the administrative record in respect of these matters in this court; and it is
 
 
 52
 FURTHER ORDERED by the court that the briefing schedule herein established by order of this court dated December 6, 1976, remains in effect. Calendaring of oral argument on the merits will be expedited to the fullest extent possible.
 
 PER CURIAM:
 
 53
 Following denial by the Federal Power Commission of rehearing of Opinion No. 770 by Opinion No. 770-A on November 5, 1976, petitions for review were filed in this court and, as well, in the Courts of Appeals for the Third, Fifth, Ninth and Tenth Circuits. The Commission has advised that the first timely filings of such petitions occurred simultaneously in this circuit and the Fifth Circuit. The question arises as to the circuit in which litigation of Opinions Nos. 770 and 770-A should proceed. We conclude that it should go forward here.
 
 
 54
 * Judicial review of a Commission order under the Natural Gas Act is appropriately instituted by a petition to this court, or to the court of appeals for any other circuit wherein a natural gas company to which the order relates is located or has its principal place of business. 15 U.S.C. Sec. 717r(b) (1970). That section further ordains that "[u]pon the filing of such petitions such court shall have jurisdiction, which upon the filing of the [administrative] record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part." These provisions are complemented by three additional specifications:
 
 
 55
 If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals.
 
 
 56
 28 U.S.C. Sec. 2112(a) (1970). See also S.Rep. No. 2129, 85th Cong., 2d Sess. 4 (1958), U.S. Code Cong. & Admin. News, 1958, p. 3996.
 
 
 57
 In the cases at bar, however, there is no court of appeals in which a first-filing of a petition to review occurred. As the Commission states, petitions were filed in the Fifth Circuit and here at exactly the same moment, and we are unimpressed by opposing arguments that nonetheless one or the other filing should be deemed prior in time. Some petitioners in this circuit have drawn attention to claimed defects in the earliest Fifth Circuit filing[1] but, in our view, they are not determinative because they are not jurisdictional in nature. Nor are we persuaded that priority was conferred by proceedings in this circuit seeking emergency relief immediately after the Commission issued Opinion No. 770. Under the Natural Gas Act, an order lacks jurisdictional ripeness for review until the Commission has disposed of a petition to reconsider alleged error in it (or until a reasonable time to act upon such petition has expired). See 15 U.S.C. Sec. 717r(a) (1970). To hold that a motion under the All Writs Act for extraordinary relief from an order--when a petition for review of that order would be premature--constitutes a "proceeding with respect to such order" within the meaning of Section 2112(a) might accelerate races to the courthouse in efforts to secure the forum for the merits. See Amerada Petroleum Corp. v. FPC, 338 F.2d 808, 810 (10th Cir.1964). We think the better reconstruction of congressional intent is that requests for interim relief are not to be included in the calculus of first-filing set forth in Section 2112(a).
 
 
 58
 In view of the lack of first-filing in any one circuit, Section 2112(a) cannot be implemented through the mechanics set forth in its first sentence quoted above. Instead, we look to the ultimate provision of Sec. 2112(a), which authorizes transfer of the proceedings to another circuit "[f]or the convenience of the parties in the interest of justice." Judicial review in the forum determined by that standard is a stated congressional goal, and our obligation is to honor the legislative will as expressed in the statute as a whole. See Eastern Air Lines, Inc. v. CAB, 122 U.S.App.D.C. 375, 378, 354 F.2d 507, 510 (1965).
 
 
 59
 We think resort to the foregoing approach is appropriate to dissolve the procedural impasse arising here. It gives effect to the overall congressional intent. Compare International Union of Electrical R. & M. Workers v. NLRB, 120 U.S.App.D.C. 45, 46-47, 343 F.2d 327, 328-329 (1965). There is no impediment to such an undertaking on our part, for the Fifth Circuit has agreed to a procedure whereby this court "should take the lead and reach a determination on venue." See our order of December 13, 1976, appended hereto. Cf. Saturn Airways, Inc. v. CAB, 155 U.S.App.D.C. 151, 476 F.2d 907 (1973); see also NLRB v. Bayside Enterprises, 514 F.2d 475, 476 (1st Cir.1975).
 
 II
 
 60
 Turning to the standard of the last sentence of Section 2112(a), it is our conclusion that the convenience of the parties is furthered by retention of these cases in the District of Columbia Circuit, and that there are no offsetting considerations in the interest of justice to warrant transfer of the litigation to any other circuit.
 
 
 61
 The Commission is situated in Washington. The parties before us often come to Washington, at least by counsel, to participate in Commission proceedings, as they have done in the proceedings with which we are presently concerned. Much of the specialized oil and gas bar is concentrated here, consumer groups are well represented here, and industry representatives not based here are continually in attendance. Moreover, the petitioning Members of Congress are located in the Washington metropolitan area. The convenience of the parties could hardly be as well served by venue elsewhere.
 
 
 62
 The producers contend, however, that the Fifth Circuit through its involvement in Shell Oil Co. v. FPC, 520 F.2d 1061 (1975), cert. denied, 426 U.S. 941, 96 S.Ct. 2661, 49 L.Ed.2d 394 (1976), on rehearing, 525 F.2d 1261 (1976)--which reviewed Opinion No. 699-H, the first Commission order setting natural gas rates on a nationwide basis--has gained such familiarity with the background of the present controversy as to command preference for its resolution. But general familiarity with the legal questions presented by a case is decidedly different from acquaintance with the proceedings that gave rise to the order in suit. Certainly, "where the same or inter-related proceeding was previously under review in a court of appeals, and is now brought for review of an order entered after remand, or in a follow-up phase," the desirability of "continuity in the total proceeding" calls strongly for handling by the same reviewing tribunal. Public Service Comm'n v. FPC, 153 U.S.App.D.C. 195, 197, 472 F.2d 1270, 1272 (1972). Cf. American Tel. & Tel. Co. v. FCC, 519 F.2d 322, 325-327 (2d Cir.1975). That is not to say, as the producers do, that prior consideration by one court of particular legal issues should preclude other courts from entertaining distinct though somewhat similar issues.[2] Implicit in the argument is a concept of specialized circuits and panels for certain types of cases, a suggestion we have previously rejected.[3]
 
 
 63
 In our view, then, the Fifth Circuit's exposure to earlier versions of nationwide gas ratemaking does not weigh materially in the balance.[4] Nor do we perceive any other factor that would override retention of the litigation in this circuit for the convenience of the parties.[5] We thus conclude that jurisdiction and venue are proper here. The Commission will accordingly be directed to file the record in this court, and the parties will continue to be bound by the briefing schedule established by our order of December 6, 1976. The Clerk is instructed to expedite oral argument, and to schedule the case, in accordance with the procedures established by the Judicial Council,[6] before a panel sitting between March 17 and April 6, 1977--the sitting period next following completion of briefing.
 
 
 64
 It is ordered.
 
 
 65
 Senior Circuit Judge FAHY concurs in the foregoing and adds only that it will be noted that even were the petition under the All Writs Act which led to our Order of August 9, 1976, a proceeding within the meaning of 28 U.S.C. Sec. 2112(a) as it might affect the question of priority of filing, our ultimate decision on retaining venue would be supported by the other considerations we set forth, considered alone.
 
 APPENDIX A
 
 66
 Order Filed November 9, 1976 in No. 76-2000
 
 
 67
 Before FAHY, Senior Circuit Judge; LEVENTHAL and ROBINSON, Circuit Judges.
 
 
 68
 PER CURIAM.
 
 
 69
 On consideration of petitioners' emergency motion for extension or expansion of the court-ordered emergency stay of Opinion No. 770 and respondent's opposition thereto, it is hereby
 
 
 70
 ORDERED that until further order of the court, in the absence of a provision in the Commission's order (Opinion No. 770, as amended in Opinion No. 770-A) for refund of rates charged if subsequently held unlawful, in whole or in part, the court issues a stay restraining the effectiveness of Commission Opinion No. 770, as amended by Commission Opinion No. 770-A, provided, however, that the stay is not applicable insofar as the rate increases authorized in said opinions and orders are applied to and invoked by producers that incorporate an undertaking to refund to their pipeline customers (for passthrough by them to distributor companies and ultimate consumers) any portions of the rate increases, authorized by said opinions and orders accompanied thereby, which are subsequently held to be unlawful.
 
 
 71
 FURTHER ORDERED that the court will hear oral argument at 9:30 a.m., Thursday, November 11, 1976, on the petition for emergency relief above referred to, and on whether the stay herein granted shall be continued. Each side will be allotted one half hour, subject to expansion by the court as justice may require. It is
 
 
 72
 FURTHER ORDERED that respondent Federal Power Commission file with the court no later than 4 p.m., Wednesday, November 10, 1976, a full response to the merits of the motion for stay of the rates set in Opinion No. 770-A or continuation of the refund provision with respect thereto. It is
 
 
 73
 FURTHER ORDERED that all persons addressing the emergency motion by briefing shall file their papers no later than 4 p.m., Wednesday, November 10, 1976. It is
 
 
 74
 FURTHER ORDERED by the court that the court will not now pass upon the multiplicity of papers which have been filed in the various other dockets seeking review of Commission Opinions No. 770 and 770-A, but will, for convenience, consider all such matters in this docket. All persons who have raised questions with respect to those Opinions are granted leave of court to present them herein.
 
 APPENDIX B
 
 75
 Order Filed November 18, 1976 in No. 76-2000
 
 
 76
 Before FAHY, Senior Circuit Judge; LEVENTHAL and ROBINSON, Circuit Judges.
 
 
 77
 PER CURIAM.
 
 
 78
 This order is entered upon consideration of petitioners' emergency motion for extension or expansion of emergency stay ordered by this court in Docket No. 76-1694 on August 9, 1976, respondent's two responsive pleadings in opposition thereto, petitioners' reply thereto, the numerous other pleadings filed by intervenors herein and by parties in related dockets appearing herein by leave of court, the orders of this court previously entered herein, and upon the oral argument held before it.
 
 
 79
 The court has reached the following decision:
 
 
 80
 1. The temporary stay order entered by this court on November 9, 1976, is hereby terminated as to gas produced from onshore wells commenced, "spudded," or drilled after July 27, 1976.
 
 
 81
 As to such "new gas," the Commission relies on its view that there is an overriding public interest in securing new dedications to the interstate market. It is the court's view that such gas would be subject to possible refund in the event the Commission's order accompanying Opinion No. 770, as amended by Opinion No. 770-A is held invalid, or partly so, even in the absence of a specific incorporation of a refund obligation to that effect by the court at this time. Such specific incorporation, however, the Commission argues, may deter interstate dedication of gas and confine new gas dedications to intrastate markets, and there it could be put exclusively to industrial use without being subject to Commission allocation for higher priority use, all detrimental to the public interest in present circumstances of gas shortage. The court takes note that the parties opposing a stay as to new onshore gas include the Public Service Commission of the State of New York, the United Distribution Companies, and the Associated Gas Distributors.
 
 
 82
 2. Except as to the gas covered by paragraph 1, the stay entered November 9, 1976, is continued in effect pending further order of the court, provided, however, that the use of any refunds which might accrue thereunder shall be subject in the first instance to consideration by the Commission, its conclusion with respect thereto being subject to court review.
 
 
 83
 (a) As is made expressly clear in the court's November 9 order, and as was the intention of the August 9, 1976, order in Docket No. 76-1694, the court's order is directed to the Commission, as the order of August 9 was construed by the Commission in its own refund order of August 13, 1976, entitled "Order Imposing Refund Obligation Pursuant to Order of the Court" of August 9, 1976. It is a stay (in both instances) of the Commission's orders that is so conditioned that the stay is inapplicable if the producer's filing contains an acknowledgment of refund obligation in the event the Commission's rate increase orders are held invalid, in whole or part.
 
 
 84
 (b) The effect of the November 9 order, as made applicable to "flowing gas" from reserves already dedicated to the interstate market, and to offshore wells which are required to be dedicated to the interstate market, contributes to the public interest, by avoiding the building up of a claim of equity that might militate against possible future refund, a claim that might be asserted by producers contending that they had received and disbursed proceeds authorized by the Commission without any effective notice or awareness of exposure to any risk of refund.
 
 
 85
 (c) The court takes this occasion to add that its inclusion of a reference to refund obligation does not indicate any position as to whether or not a refund will be required. It has not been able as of the present time adequately to assess the merits.
 
 
 86
 3. The court is aware that there exists a present dispute as to which Circuit Court of Appeals of the United States properly has venue to entertain petitions for review of Opinions No. 770 and 770-A. The court does not mean by this order to assert that it will finally be concluded that proper venue lies in this circuit, but only that we have concluded that whatever doubt as may exist does not preclude this court, where a petition for review has been filed, from acting upon the matter of a stay, pending resolution of the venue question. Thus, this order today entered is subject to modification by further order not only of this court, but of such other court as may finally be determined to have jurisdiction and venue.
 
 APPENDIX C
 
 87
 Order Filed December 13, 1976 in Nos. 76-2000 & 76-2001
 
 
 88
 Before FAHY, Senior Circuit Judge; LEVENTHAL and ROBINSON, Circuit Judges.
 
 
 89
 PER CURIAM.
 
 
 90
 The Federal Power Commission has advised both this court, and the United States Court of Appeals for the Fifth Circuit, that subsequent to the Commission's denial of rehearing of Opinion No. 770, by Opinion No. 770-A and the order accompanying it, petitions for review were filed in both courts simultaneously. Accordingly, the Commission is unable to follow the instruction of 28 U.S.C. Sec. 2112, providing that the record shall be filed in the court in which a proceeding "was first instituted," if it is limited to consideration of papers filed subsequent to the denial of rehearing.
 
 
 91
 The duly assigned panels of this court and of the Fifth Circuit have been in communication for the purpose of establishing a procedure to resolve the problem created by the multiple filings of petitions to review in each circuit. It has been mutually agreed that since the statutory rule of first filing does not suffice to resolve the present problem, the District of Columbia Circuit should take the lead and reach a determination of venue under 28 U.S.C. Sec. 2112(a), having in mind that the last sentence permits transfer to any court of appeals, designated on a consideration of "the convenience of the parties in the interest of justice."
 
 
 92
 This court will hear oral argument on the issue of the aforesaid designation on December 17, 1976, at 10 A.M. Oral submissions not exceeding 15 minutes will be entertained from (a) one counsel designated by parties who filed petitions to review in this court, (b) one counsel designated by parties who filed petitions to review in the Fifth Circuit, or any other court, whether or not they have intervened in this court; and (c) the Federal Power Commission. Additional submissions will be permitted if deemed necessary and appropriate. Memoranda concerning the nature of the submissions to be made should be filed on or before 4 P.M., December 16, 1976.
 
 
 
 *
 Abourezk et al., 76-2001; United Distribution Companies, 76-2041; Tennessee Public Service Commission, 76-2053; Phillips Petroleum Co., 76-2069; Public Service Commission of New York, 76-2072; and Marathon Oil Co. v. Federal Power Commission, 76-2103
 
 
 [1]
 Upon the issuance of Opinion No. 770-A, three producers petitioned for review in the Fifth Circuit: Tenneco Oil Company, Continental Oil Company and Superior Oil Company. Superior alleges that its filing was the first in the Nation and that it was made at 12:01:00 C.S.T. Continental and Tenneco claim filings at 12:01:01 C.S.T. and 12:01:02 C.S.T., respectively. These additional facts appear in affidavits submitted here: The Superior petition is marked "12:01:00 a.m." rather than p.m., as it must have been filed in order to be timely. Service of that petition upon parties not made respondents did not occur "[a]t or before the time of filing" on November 5, as required by Fed.R.App.P. 15(c), and service was not in fact perfected until November 17. Furthermore, there is evidence that these three petitions were filed with some blanks in them, and were later completed pursuant to an informal understanding between the attorneys and a deputy clerk
 
 
 [2]
 The producers seek support from Eastern Air Lines, Inc. v. CAB, supra, 122 U.S.App.D.C. at 378, 354 F.2d at 510, where we referred to "the desirability of transfer to a circuit whose judges are familiar with the background of the controversy through review of the same or related proceedings." But, as we explained in Public Service Comm'n v. FPC, supra, 153 U.S.App.D.C. at 197 n. 4, 472 F.2d at 1272 n. 4:
 [a]s to Eastern's use of "same or interrelated" proceeding, the "interrelated" term refers to an organic relation, in what may fairly be called a single "total proceeding" and not merely similarity of legal issues.
 Both the Fifth and the District of Columbia Circuits have engaged extensively in review of the Commission's gas rate-making proceedings, and it may be safely assumed that whichever review the orders in suit will take the Fifth Circuit's Shell decision into account.
 
 
 [3]
 See Public Serv. Comm'n v. FPC supra, 153 U.S.App.D.C. at 197-198, 472 F.2d at 1272-73:
 This motion ... implicitly invokes a theory of specialization of tribunals. That is not what Congress has provided. The contention based upon specialization of particular judges is even more debatable. The Judicial Council for this circuit, at least, has adopted a system of selection of judges by lot that eschews any concept of specialized appellate judges, and contemplates broadening of judicial exposure in meeting common problems. [ ] It provides for retention of the same panel that handled an earlier appeal in the same case, ... but not for reference to a panel that handled a different case on the basis of similarity of underlying questions.
 The approach of the District of Columbia Circuit is not different in principle from that of the Fifth Circuit. The Fifth Circuit's Internal Operating Procedures Manual, Sec. V-A-2, reveals its panel selection procedure as one based upon a mathematical matrix, with the names of judges for each panel drawn by lot by the circuit executive, and with the identity of each panel unknown to the clerk when he makes calendar assignments. We are also aware of an exception to the Fifth Circuit's general procedures, set forth in Sec. VI-C-3:
 Gas Cases--To avoid disqualification in the selection of panels on a routine basis, panels to handle cases involving regulation of natural gas companies by the Federal Power Commission are drawn by lot on a yearly basis from the active judges of the Court. All administrative motions filed in pending gas cases during that panel's period of service and any gas cases that may be readied on the merits prior to the expiration of that panel's period of service are referred to the panel originally drawn.
 This exception, as the foregoing shows, is not based on experience and a desire to achieve specialization, but to avoid occasions for recusal.
 
 
 [4]
 Parties contending for review in this circuit have advanced a contention similar, though not identical, to the producers' argument. It relates to the "familiarity" with Opinion No. 770-A which this panel has gained in the course of its consideration of extraordinary interim relief from the effects of Opinion No. 770. Admittedly, some such familiarity has been attained, but our investigation into the parties' many disagreements with the Commission has been of a type and magnitude so different from that essential to a decision on the merits as to render its value necessarily slight for purposes of Sec. 2112(a)
 
 
 [5]
 Other factors that might ordinarily influence a decision on transfer pursuant to Sec. 2112(a) are neutral in effect here. One is whether the aggrievement which one party claims to have suffered by the administrative order in issue is so "inconsequential" that his adversary's choice of forum deserves greater respect. E.g., Ball v. NLRB, 299 F.2d 683, 689 (4th Cir.), cert. denied, 369 U.S. 838, 82 S.Ct. 868, 7 L.Ed.2d 843 (1962); International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW-AFL-CIO v. NLRB, 126 U.S.App.D.C. 11, 14, 373 F.2d 671, 674 (1967). Although some parties have questioned the aggrievement of others, all state that they were aggrieved by Opinions Nos. 770 and 770-A, and no assertion of injury seems so inherently implausible or insubstantial that we may predicate our ruling on their insignificance. Cf. UAW v. NLRB, supra, 126 U.S.App.D.C. at 13, 373 F.2d at 673. Another factor is whether the underlying controversy is peculiarly connected with a particular locale. E.g., Municipal Distributors Group v. FPC, 148 U.S.App.D.C. 343, 459 F.2d 1367 (1972); International Union of Electrical R. & M. Workers v. NLRB, 120 U.S.App.D.C. 45, 47, 343 F.2d 327, 329 (1965); Farah Mfg. Co. v. NLRB, 481 F.2d 1143, 1145 (8th Cir.1973). We cannot identify a circuit in which the impact of Opinions Nos. 770 and 770-A, which set natural gas rates nationwide, will be so differently felt that review in that circuit should be preferred. Additional factors are "facilitation of judicial economy," Abourezk v. FPC, 168 U.S.App.D.C. 246, 247 n. 1, 513 F.2d 504, 505 n. 1 (1975), and the interest of the parties and the public at large in the most expeditious resolution of the litigation consistent with sound decision-making. Recognition of the high cost of delay prompted our order of December 6, 1976, expediting briefing on the merits, which has been commended by all concerned. Yet, since we must assume that any other circuit would be equally alert, the desirability of a prompt decision in no way indicates which circuit should make it
 
 
 [6]
 See note 3, supra