INTERNATIONAL LADIES' GARMENT
WORKERS' UNION, AFL,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

B.V.D. COMPANY, Inc., Respondent.

Nos. 12511, 12585.

United States Court of Appeals
District of Columbia Circuit.

Decided March 31, 1955.

Mr. Bernard Dunau, Washington, D. C., for petitioner in No. 12,511. Mr. Samuel H. Jaffee, Washington, D. C., also entered an appearance for petitioner in No. 12,511.

Miss Fannie M. Boyls, Washington, D. C., a member of the bar of the Supreme Court of Texas, pro hac vice, for petitioner in No. 12,585 and respondent in No. 12,511. Messrs. Marcel Mallet-Prevost and Robert G. Johnson, Washington, D. C., also entered appearances for petitioner in No. 12,585 and respondent in No. 12,511.

Mr. Marshall J. Seidman, Pittsburgh, Pa., for appellee in No. 12,585.

Mr. Marshall J. Seidman, Pittsburgh, Pa., for amicus curiæ B. V. D. Company, Inc., in No. 12,511.

Before PRETTYMAN, DANAHER, and BASTIAN, Circuit Judges.

PER CURIAM.

This Union filed with the Labor Board against the Company charges of unfair labor practices. The Board in part sustained the charges and in part rejected them. It issued a cease and desist order upon that basis. The Union, proceeding under subparagraph (f) of Section 160, Title 29, United States Code Annotated, petitioned this court to review that order, the ground of alleged error being the failure of the Board to sustain the remaining charges. Thereafter the Board filed in this court a petition for an order enforcing its order. The respondent in that petition was the Company.

Among the other motions now before us is a motion on the part of the Company to dismiss the petition for the enforcement order. The basis of this motion is that a petition for enforcement

must be brought under subsection (e) of Section 160 and that venue for such a petition is laid in the circuit or district "wherein the unfair labor practice in question occurred or wherein such person resides or transacts business". The unfair labor practice in question here did not occur in the District of Columbia, and the Company neither resides nor transacts business here. In response the Board and the Union rely upon that part of subsection (f) which, after requiring the filing of the record in the court in which a petition for review has been filed, says:

> "*Upon such filing* [of the record], *the court* shall proceed in the same manner as in the case of an application by the Board under subsection (e) of this section, and *shall have the same exclusive jurisdiction* to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner *to make and enter a decree enforcing*, modifying, and enforcing as so modified, or setting aside in whole or in part *the order of the Board;* \* \* \*." (Emphasis supplied.)

The Board and the Union say the quoted sentence means that a court in which a petition to review a Board order is filed acquires jurisdiction over the entire controversy; it therefore acquires jurisdiction to enter an order of enforcement against any party to the controversy. Otherwise, they say, the anomalous situation would exist wherein a petition to review an order would lie in one circuit and a petition to enforce the order would lie in another circuit, a situation conducive to chaos and confusion. The Company says that the meaning of subsection (e) is that a decree for enforcement of the Board's order against it (the Company) can be entered only by a court in the districts specified in that subsection.

■ ■ We agree with the contentions of the Board and the Union and have entered an order to that effect. In this instance the Board, in seeking an enforcement decree from this court, instituted a proceeding separate from the proceeding then pending for review of its order. We do not mean to indicate that this is the only procedural course by which the Board may seek an enforcement order, but we think it is a permitted course. We have consolidated the separate proceedings.