373 F.2d 671
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW-AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Preston Products Company, Inc., Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PRESTON PRODUCTS COMPANY, Inc., Respondent.
PRESTON PRODUCTS COMPANY, Inc., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 20137.
 No. 20185.
 No. 20301.
 United States Court of Appeals District of Columbia Circuit.
 January 25, 1967.
 
 Mr. John Silard, Washington, D. C., with whom Messrs. Joseph L. Rauh, Jr., and Stephen I. Schlossberg, Washington, D. C., were on the petition, for petitioner in No. 20,137. Mr. Bernard Ashe, Detroit, Mich., also entered an appearance for petitioner in No. 20,137.
 Mr. Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, George B. Driesen and Eugene Granoff, Attys., N.L.R.B., were on the response to the petition, for respondent-petitioner National Labor Relations Board.
 Mr. James L. Stokes, Grand Rapids, Mich., of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of court, with whom Mr. Stephen C. Bransdorfer, Grand Rapids, Mich., was on the response to the petition, for respondent-intervenor Preston Products Co., Inc.
 Before BURGER, TAMM and LEVENTHAL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Union which filed its petition for review in this court[1] has filed a petition for rehearing en banc of our order of July 19, 1966, transferring these consolidated cases to the United States Court of Appeals for the Sixth Circuit. In view of facts brought into sharper focus by the Union's petition, we have reconsidered the order sua sponte.
 
 
 2
 Following hearings, a trial examiner upheld unfair labor practice charges brought against Preston Products Company ("Company") on the Union's complaint. The Company filed exceptions to the Board and the Union subsequently filed cross-exceptions[2] claiming, insofar as relevant here, that the examiner failed to "fashion a remedy designed to fully cure the unfair labor practices which have occurred here."[3] The Union had not urged its claim to a compensatory remedy before the trial examiner. The Board overruled all exceptions. Contending that the Board had erred in this regard, the Union filed its petition for review. Several weeks later, after the Board had denied a petition for reconsideration, the Company filed a petition for review of the same order in the Sixth Circuit while the Labor Board petitioned this court for enforcement of its order. Pursuant to 28 U.S.C. § 2112 (a), the Sixth Circuit transferred the Company's petition here.
 
 
 3
 The Company filed a motion in this court seeking dismissal of the Union's petition or, alternatively, transfer of these cases back to the Sixth Circuit. The Company, relying on Insurance Workers International Union v. N.L.R.B., 124 U.S. App.D.C. 8, 360 F.2d 823 (1966), predicated its motion on the proposition that the Union's claim to a compensatory remedy was insufficient to render it "genuinely aggrieved." The Board took no position on the Company's motion to transfer insofar as it was addressed to the court's discretion, but argued that its motion to dismiss be rejected.
 
 
 4
 The original memoranda filed by the parties dealt extensively with the question of "good faith" and "motive". The Company argued that the Union's remedy claim was sham and advanced solely to permit it to select the reviewing forum. The Union contended that it was sincerely interested in forceful remedial measures and had asserted its claim in good faith. We considered the motivation issue largely irrelevant to our narrow inquiry. Our transfer order reflected our conclusion, based on the papers then before us, that the Union had received all the relief requested of the examiner.[4] We cited Insurance Workers, supra, and it is this, apparently, that has led the Board, which adheres to its view that the Union is aggrieved by its order, to file a response to the petition for rehearing seeking clarification and guidelines for this much litigated area. In view of two important facts brought into clear focus by the rehearing papers, we agree that clarification and reconsideration are in order.
 
 
 5
 Although this fact was not referred to by the parties in their original papers, it now appears that the precedent relied on by the Union was issued subsequent to the examiner's decision in this case.[5] Additionally, the parties did not supply us with a copy of either the Company's motion for reconsideration or the Board's rejection thereof. We have sent for these documents which are, of course, "in the record." They make it clear that the Union's compensatory remedy claim was denied on the merits.[6] The Board's denial of the Company's motion for reconsideration removes the possibility that its rejection of the Union's compensatory remedy claim reflected in any significant measure a ruling based on the fact that the Union had received all the relief it had requested of the examiner and only injected this claim on cross-exceptions to the Board. With this further information and awareness it is now clear that the Board considered the Union's claim properly before it and denied it on the merits. We think 28 U.S.C. § 2112(a) requires respect for the forum where the Union filed its petition for review, since that was the first petition for review filed, and we cannot say either that the Union's claim is frivolous or that it is not genuinely aggrieved.[7]
 
 
 6
 The selection of forum by the first filing of a petition for review is not controlling if overriding considerations of judicial administration call on us to transfer the case, as in a situation where related proceedings are already pending in another circuit,[8] or in a case where judicial administration is best served through bypassing the inability to decide which was the circuit where review was first sought and permitting the Board to file a petition to enforce in another circuit.[9] Similarly, we do not think a party's selection of forum is necessarily controlling if it has received substantially all the relief contemplated, and any shortfall is inconsequential even though it does not eliminate the technical status of "aggrievement." Ball v. N.L. R.B., 299 F.2d 683, 689 (4th Cir.), cert. denied sub nom. Northern Virginia Sun Pub. Co. v. N.L.R.B., 369 U.S. 838, 82 S.Ct. 868, 7 L.Ed.2d 843 (1962). The possibility of a transfer on this ground is not to be taken as permitting trial by affidavit on the issue of motivation. It is reserved for the special case where the "inconsequential" character of the deficiency in findings or relief is established by the petitioner's own stipulation, as in Insurance Workers, supra, or other pleading or representation. In light of the Union's explanation and the additional facts which the petition for rehearing clarifies, we conclude that no such considerations are involved in this case.
 
 
 7
 For the foregoing reasons, we vacate the portion of our July 19, 1966 order which transferred these cases to the Sixth Circuit and, on reconsideration, deny the Company's motion seeking such transfer.
 
 
 8
 It is so ordered.
 
 
 
 Notes:
 
 
 [1]
 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO, referred to herein as "Union."
 
 
 [2]
 See 29 C.F.R. § 102.46(e) (1966)
 
 
 [3]
 The Union relied on the doctrine reflected in H. W. Elson Bottling Co., 155 NLRB No. 63 (1965), in which the Board recognized the need for continuing reevaluation of its remedial arsenal
 
 
 [4]
 The Union claimed that its remedy claim to the Board had been timely because "* * * the Board generally does not adjudicate the amount of compensation due for violation of the Act until it has rendered its decision on the merits. * * * Accordingly, the Union's presentation of the compensatory relief request was entirely timely and the Company's effort to disparage the Union's aggrievement on this ground must also fall." We rejected that reasoning since the issue was the Union's entitlement to any compensatory relief, not the amount thereof
 
 
 [5]
 See n. 3supra. The initial decision of the trial examiner in this case was issued on November 15, 1965. The Board's Elson decision was released on November 16, 1965.
 
 
 [6]
 The Board's original opinion had summarily denied the Union's compensatory claim as "without merit" in a footnote which also denied the Company's motion to quash certain portions of the Union's brief dealing with that claim. 158 NLRB No. 35 at 1 n. 1 (1965). The Company sought reconsideration of the Board's refusal to quash, asserting that denial of compensatory relief was the sole valid ground on which the Union justified its aggrieved status in this court. The Company stated: "if such Motion had been disposed of separately * * * the [Union] would not have any basis for appeal of the entire proceeding inasmuch as [the Union] would have received all the relief requested * * *." After considering these allegations, the Board again denied the Company's motion to quash as "lacking in merit."
 
 
 [7]
 As distinguished from the situation inInsurance Workers, supra, the Union did not bottom its claim to a compensatory remedy on "a draft of the proposals which the Union would have submitted if [the Company] had bargained in good faith." 360 F.2d at 827. While we recognize that the Union's claim may raise troublesome questions under Section 8(d) of the Act, 29 U.S.C. § 158(d), we are not prepared to decide that issue on a preliminary motion.
 
 
 [8]
 E. g., Eastern Airlines, Inc. v. C.A.B., 122 U.S.App.D.C. 375, 354 F.2d 507 (1965); Midwest Television Inc. v. F.C.C., 124 U.S.App.D.C. 281, 364 F.2d 674 (1966).
 
 
 [9]
 International Union of Electrical Radio and Machine Workers (General Electric Co.) v. N.L.R.B., 120 U.S.App.D.C. 45, 343 F.2d 327 (1965)