**TRUCK DRIVERS AND HELPERS LOCAL NO. 728, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Georgia Highway Express, Inc., Intervenor.**

**No. 21082.**

United States Court of Appeals
District of Columbia Circuit.

Oct. 6, 1967.

Mr. Herbert S. Thatcher, Washington, D. C., was on the pleading for petitioner.

Mr. Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., was on the pleadings for respondent.

Mr. Alexander E. Wilson, Jr., Atlanta, Ga., was on the pleadings for intervenor, Georgia Highway Express, Inc.

Before WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges, in Chambers.

## ORDER

PER CURIAM.

On consideration of intervenor's motion to dismiss and set aside an order of the National Labor Relations Board and of the oppositions of the National Labor Relations Board and petitioner thereto; and on consideration of intervenor's motion for transfer of proceeding for review of the National Labor Relations Board's order to the United States Court of Appeals for the Fifth Circuit and of the petitioner's objection and the response of the National Labor Relations Board thereto, it is

Ordered by the Court that the aforesaid motions are denied.

WILBUR K. MILLER, Senior Circuit Judge, did not participate in the foregoing order.

PER CURIAM:

The motions before us are to dismiss, or in the alternative to transfer to another circuit, the petition of Truck Drivers and Helpers Local No. 728, International Brotherhood of Teamsters (Union) to review an order of the National Labor Relations Board.

The Union sought before the hearing examiner and in its exceptions a remedy which was not afforded—*i. e.*, an injunction against "discrimination in regard to hire or tenure of employment * * * to discourage membership in" the Union, in violation of § 8(a) (3) of the National Labor Relations Act, 29 U.S.C. § 158(a) (3). The Board did not consider this issue, on the ground that it was affording the Union a remedy under § 8(a) (1) of the Act. We do not consider whether on the merits this disposition was within the Board's discretion. Plainly the motion to dismiss filed by Georgia Highway Express, Inc. (Company) must be denied since the failure of the Board to grant the additional relief sought renders the Union a "person aggrieved" by the Board's order within the meaning of § 10(f) of the Act, 29 U.S.C. § 160(f).

The Company's alternative motion for transfer to the circuit where it filed a petition for review, after the Union filed its petition in this court, rests on the claim that the Union has "received substantially all the relief contemplated, and any shortfall is inconsequential even though it does not eliminate the technical status of 'aggrievement'." International Union, United Auto., Aerospace & Agricultural Workers v. NLRB (Preston Products Co.), 126 U.S.App.D.C. 11, 373 F.2d 671, 674 (1967). The Board takes no position on the motion to transfer. In our opinion, the Board's failure to provide a § 8(a) (3) remedy cannot be dismissed as "inconsequential," because in the event of a future discriminatory action in regard to hire or tenure there would be a significant difference, in terms of time, convenience and expense, between initiating new proceedings be-

fore the Board or simply bringing contempt proceedings, assuming entry of an order under § 8(a) (3). Whether and to what extent the possibility of future discriminatory hiring and firing by the employer is a substantial and genuine concern on the part of the Union is not for investigation on this motion to transfer. As noted in the *Preston Products* case, *supra,* 126 U.S.App.D.C. at 14, 373 F.2d at 674, the possibility of a transfer on the ground that the relief denied by the agency is "inconsequential" "is not to be taken as permitting trial by affidavit on the issue of motivation. It is reserved for the special case where the 'inconsequential' character of the deficiency in findings or relief is established by the petitioner's own stipulation, * * * or other pleading or representation."

We find no merit in the Company's other contentions in support of its motion to transfer.

Motions denied.

WILBUR K. MILLER, Senior Circuit Judge, did not participate in the foregoing opinion.