fiance of the court's order. Yet we should not ignore the unusual atmosphere which prevailed at the time and the emotional reactions which were evoked. While absolution of the Union clearly is not appropriate, the turmoils in the community should be considered as mitigating circumstances in evaluating the gravity of the Union's failure to be more prompt in its compliance with the court's order.

We could, of course, remand for further consideration by the District Court of the extent to which the mitigating circumstances should affect the amount of the fine imposed. But this seems unnecessary. The relationship of our authority to that of the District Court in a matter of this sort, as opposed to a case, for example, where material factors have been withheld from consideration by a jury in its fact-finding function, permits the exercise of a judgment by the appellate court which ends the matter on the basis of the existing record and conditions of common knowledge of which the court may take judicial notice. Moreover, as the Supreme Court stated in Green v. United States, 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958),

> Appellate courts have here [in passing upon the discretion vested in the District Courts by 18 U.S.C. § 401 to punish for contempt] a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed.

*Cf. United Mine Workers, supra.*

Giving weight to the mitigating circumstances, we are of the opinion that the vindication of the District Court's authority through punishment of the Union, and the desired effect of such punishment upon its future conduct, would be as well served by a fine of $10,000 as one of $20,000. We accordingly revise the fine to that amount and remand the case to the District Court so that this determination may be recorded appropriately in its records.

It is so ordered.

**TEXTILE WORKERS UNION OF AMERICA, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 22596.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 24, 1969.

Decided Nov. 14, 1969.

Mr. Laurence Gold, Washington, D. C., for petitioner. Miss Patricia Eames, General Counsel, Textile Workers Union of America, New York City, Messrs. J. Albert Woll and Thomas E. Harris, Washington, D. C., were on the brief for petitioner.

Mr. Frank H. Itkin, Attorney, National Labor Relations Board, of the bar of the Supreme Court of New Jersey, pro hac vice, by special leave of court, for respondent. Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Michael F. Rosenblum, Attorney, National Labor Relations Board, were on the brief for respondent.

Before FAHY, Senior Circuit Judge, and McGOWAN and MacKINNON, Circuit Judges.

PER CURIAM:

In this proceeding brought by a union to review an order of the National Labor Relations Board dismissing a Section 8 (a) (5) complaint, counsel for both the petitioner and the Board filed supplemental briefs after the Supreme Court decided NLRB v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). This was because the case, involving as it does the refusal of the employer to recognize the union on the basis of authorization cards, fell within the general ambit of Gissel. Counsel for the Board now argues that, although here, unlike Gissel, the employer engaged in no independent unfair labor practices, there are expressions by the Court in Gissel which indicate approval of the course followed by the Board. The union, contrarily, stresses the differing circumstances of Gissel, and urges us to approve a method of handling pressed upon the Supreme Court in Gissel but not dealt with definitively by it.[1]

We think the matter of sufficient importance to warrant further consideration by the Board in the first instance in the light of Gissel, but without limitation; and we remand the case for that purpose. In doing so, we note particularly that the defense advanced by the employer at the unfair labor practice hearing was that it did not think the cards presented to it represented a majority of the appropriate unit, as the employer conceived that unit to be. In Gissel, the Supreme Court (at p. 594, 89 S.Ct. at p. 1930) said the Board had represented at oral argument that the Board's "current practice" was to view "an employer's good faith doubt [as] largely irrelevant," although "an employer could not refuse recognition initially because of questions as to the appropriateness of the unit * * *."[2] In view

---

1. In declining to consider the particular argument urged by the union in Gissel, the Court characterized that argument as follows:

   The union argues here that an employer's right to insist on an election in the absence of unfair labor practices should be more circumscribed, and a union's right to rely on cards correspondingly more expanded, than the Board would have us rule. The union's contention is that an employer, when confronted with a card-based bargaining demand, can insist on an election only by filing the election petition himself immediately under § 9(c) (1) (B) and not by insisting that the union file the election petition, whereby the election can be subjected to considerable delay. If the employer does not himself petition for an election, the union argues, he must recognize the union regardless of his good or bad faith and regardless of his other unfair labor practices, and should be ordered to bargain if the cards were in fact validly obtained. And if this

Court should continue to utilize the good faith doubt rule, the union contends that at the least we should put the burden on the employer to make an affirmative showing of his reasons for entertaining such doubt. 395 U.S. at 594, 89 S.Ct. at 1930.

At oral argument before this court, the union also argues that the employer should show evidence of doubt based upon an objective standard of reasonableness, rather than the subjective standard of good faith.

2. The passage in its entirety is as follows:

   Although the Board's brief before this Court generally followed the approach as set out in *Aaron Brothers*, 158 N.L.R.B. 1077, *supra*, the Board announced at oral argument that it had virtually abandoned the Joy Silk Mills, Inc. v. N.L.R.B., 87 U.S.App.D.C. 360, 185 F.2d 732 doctrine altogether. Under the Board's current practice, an employer's good faith doubt is largely irrelevant, and the key to the issuance

ployer does not commit other unfair labor practices it can refuse to bargain with impunity so long as it has no independent knowledge of the Union's representative status. The present record reveals that the Union representatives had authorization cards free of suspicion from a majority in a unit recognized as appropriate by the trial examiner and the Board, followed by evidence of the majority's solidarity through the picketing and strike. Moreover, the employer did not demand that the Union request a Board election. It simply refused to recognize the Union. I understand our remand does not exclude consideration anew of whether in these circumstances the employer was shown to have acted in bad faith and, if so, the appropriate disposition the Board should make of the case.

MacKINNON, Circuit Judge:

I concur in the remand but am of the opinion that *Gissel* supports the Board's position.

**H & B COMMUNICATIONS CORPO-RATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-MISSION, Appellee,**

Prescott TV Booster Club, Inc., Intervenor.

No. 22685.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 15, 1969.

Decided Nov. 13, 1969.

