**NATIONAL LABOR RELATIONS BOARD, Petitioner**

v.

**WILDER MFG. CO., Inc., Respondent Textile Workers Union of America, Intervenor.**

**No. 24642.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 1, 1971.

As Amended Feb. 16, 1972.

---

Mr. Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, was on the motion for petitioner.

Mr. Joseph S. Rosenthal, New York City, entered an appearance for respondent.

Mr. J. Albert Woll, Washington, D. C., was on the opposition to the motion for intervenor.

Before MacKINNON and WILKEY, Circuit Judges.

PER CURIAM:

We consider this case on the motion of the respondent, Wilder Manufacturing Co., Inc. (Company), to dismiss a petition for enforcement filed by the National Labor Relations Board (Board).[1] The sole issue before us is whether this Court is the proper forum for entertainment of the Board's petition. After careful consideration, of the contentions of the Company and of the Board, we conclude that it is not and, accordingly, order the petition transferred to the United States Court of Appeals for the Second Circuit.

I

In 1965 the Textile Workers Union of America, AFL–CIO (Union), filed a charge with the National Labor Relations Board alleging that the Company had engaged in unfair labor practices under Sections 8(a) (1) and 8(a) (5) of the National Labor Relations Act.[2] The Board issued a complaint through its general counsel and conducted hearings in June and July of 1966. On September 22, 1966, the trial examiner issued his decision finding that the Company had engaged in and was engaging in unfair labor practices and recommending that it cease and desist therefrom and take certain affirmative action.[3] The Board then issued its decision and order

1. The Board filed its petition for enforcement pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), which states in pertinent part:
    (e) The Board shall have power to petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings, as provided in section 2112 of Title 28.

2. 29 U.S.C. § 158(a) (1) and § 158(a) (5).

3. See Arthur F. Derse, Sr., President, and Wilder Mfg. Co., Inc. and Textile Workers Union of America, AFL–CIO (October 21, 1968) 173 N.L.R.B. No. 30 at page 215.

on October 21, 1968, finding that the Company had not committed the alleged unfair labor practices and dismissing the Union's complaint.[4] The Union timely filed a Petition For Review in this court.[5] Subsequent to the filing of the Union's petition, the Supreme Court decided a related case, N.L.R.B. v. Gissel Packing Co.,[6] and the parties filed supplemental briefs relating *Gissel* to the instant case. This court concluded that the Board was the appropriate forum to initially consider the effect of the opinion in *Gissel* upon its prior decision; therefore, we remanded the case to the Board stating in pertinent part:

> We think the matter of sufficient importance to warrant further consideration by the Board in the first instance in the light of *Gissel*, but without limitation; and we remand the case for that purpose.[7]

On remand the Board reversed its earlier decision and on August 27, 1970, issued a supplemental decision and order concluding that the Company had violated Sections 8(a) (1) and 8(a) (5) of the National Labor Relations Act.[8] On September 21, 1970 the Board filed in this court a petition for enforcement of this order.[9] The Company then filed a motion to dismiss this petition alleging that this court lacked jurisdiction to consider the Board's request[10] for enforcement under Section 10(e) of the National Labor Relations Act.

## II

■ In the National Labor Relations Act Congress provided a bifurcated scheme for judicial consideration of orders of the N.L.R.B. Section 10(f) allows any person aggrieved by a final order of the Board to seek review in the

---

4. *Id.* at page 214.

5. Pursuant to Section 10(f) of the National Labor Relations Act 29 U.S.C. § 160 (f):

    Review of final order of Board on petition to court

    (f) Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the Board, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the Board, as provided in section 2112 of Title 28. Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e) of this section, and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing,

modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive.

6. 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).

7. Textile Workers Union of America, AFL–CIO v. National Labor Relations Board, 137 U.S.App.D.C. 67, 68, 420 F.2d 635, 636 (1969). The opinion accompanied the judgment of this Court which provided that:

    [i]t is ordered and adjudged by this Court that this case is hereby remanded to the National Labor Relations Board for further proceedings consistent with the opinion of this Court filed herein this date.

    The Company made no effort to intervene in this proceeding.

8. Arthur F. Derse, Sr., President, and Wilder Mfg. Co., Inc. and Textile Workers Union of America, AFL–CIO, 185 NLRB No. 76.

9. The Board styled its order an Application Upon Remand for Enforcement of an order of the National Labor Relations Board.

10. The Union was granted leave to intervene in the instant proceedings on November 5, 1970.

United States Court of Appeals for the District of Columbia Circuit or in the circuit wherein the unfair labor practice allegedly occurred or the person seeking review resides or transacts business.[11] Section 10(e), in contrast provides authority for the Board to petition for enforcement only in the United States Court of Appeals for the Circuit in which the "unfair labor practice in question occurred or wherein such person resides or transacts business."[12]

■ The alleged unfair labor practice in the instant case did not occur in the District of Columbia, and the Company does not reside or conduct any business in the District. Ordinarily, any inquiry into whether the Board's petition for enforcement was properly filed here would end at this juncture since Section 10(e) clearly states that this court is not the proper forum.

■■ However, the Board contends that since its *Supplemental Decision and Order* proceeded from this court's remand order in Textile Workers Union of America v. National Labor Relations Board, *supra,* this court is the appropriate body to consider the Petition for Enforcement. Although the Board's argument may have practical force, we are limited by the prior actions of this court and by the statutory language of the National Labor Relations Act. In the decision of the panel in *Textile Workers, supra,* the court explicitly *remanded the case* to the National Labor Relations Board. This court has long used such "boilerplate" language to indicate its intention to relinquish jurisdiction over the particular controversy. Whenever our intention had been to remand but to retain jurisdiction, we have included an explicit statement indicating the retention of jurisdiction in this court. For example, we have specifically stated in such cases that only the record, rather than the case, is remanded.[13] Consequently, upon remand to the N.L.R.B. in *Textile Workers, supra,* this court divested itself of jurisdiction over the instant controversy, and jurisdiction passed from this court to the N.L.R.B.[14] As a result, any subsequent petition for enforcement must be considered as a new proceeding which the respondent ordinarily has the right to require be brought in a forum designated by Section 10(e). Since it is undisputed that venue is proper in the Second Circuit, the clerk of the court shall certify the entries upon the docket with respect to

11. See note 1, *supra,* for the pertinent excerpt from the text of Section 10(e) of the National Labor Relations Act. In International Ladies' Garment Workers' Union, v. NLRB, 96 U.S.App.D.C. 272, 225 F.2d 923 (1955), this court concluded that it possessed jurisdiction over the Board's petition for enforcement, which was filed in the same proceeding after the Union had filed a petition for review, even though the practices complained of did not occur in the District and the Company neither rendered nor transacted business in the District.

12. See note 5, *supra,* for the complete text of Section 10(f) of the National Labor Relations Act. Judicial decisions have made clear that all intermediate federal courts have jurisdiction to review and enforce orders of the NLRB and that 29 U.S.C. §§ 160(e), (f), in designating particular forums for given cases, are concerned only with venue. *See* Panhandle Eastern Pipe Line Co. v. FPC, 324 U.S. 635, 65 S.Ct. 821, 89 L.Ed. 1241 (1945);

Panhandle Eastern Pipe Line Co. v. FPC, 343 F.2d 905 (8th Cir. 1965); Eastern Air Lines, Inc. v. CAB, 122 U.S.App. D.C. 375, 354 F.2d 507 (1965); International Ladies' Garment Workers' Union v. NLRB, 96 U.S.App.D.C. 272, 225 F.2d 923 (1955). Therefore we consider the Company's motion as one objecting to venue in this Circuit even though it is couched in terms of our jurisdiction.

13. *See generally* Eastern Air Lines, Inc. v. CAB, *supra,* note 12. Compare the procedures used by other courts in the following cases: United States v. Johnson, 73 U.S. (6 Wall.) 101, 18 L.Ed. 792 (1867); Twin City Milk Producers Ass'n v. McNutt, 122 F.2d 564 (8th Cir. 1941); Beck v. Federal Land Bank of Houston, 146 F.2d 623 (8th Cir. 1945).

14. *See* Pacific Gas and Electric Company v. Federal Power Commission, 106 U.S. App.D.C. 281, 282, 272 F.2d 510, 511 (1958).

this application for enforcement and shall physically transmit and transfer such certificate, together with the applications filed herein, and all papers and documents now on file with the Clerk of this Court in the proceedings to the Clerk of the United States Court of Appeals for the Second Circuit.[15]

Order accordingly.

Tamm, Circuit Judge, dissented and filed opinion.

15. While the instant motion was pending before this Court, the Board moved to have the case remanded to it for reconsideration in light of its decision in Linden Lumber Division, Summer & Co., 190 N.L.R.B. No. 116, 77 L.R.R.M. 1305 (June 7, 1971). Whether such a motion should be granted rests in the sound discretion of the court. Ford Motor Co. v. NLRB, 305 U.S. 364, 369–370, 59 S.Ct. 301, 83 L.Ed. 221 (1939). Since a long period has already elapsed since the alleged unfair labor practice occurred, since a purely legal issue separates this case from *Linden Lumber, supra,* and since this case has already been remanded to the Board once for a purpose similar to the one for which the Board now requests another remand, we have serious doubts whether the Board's request should be granted. However, since the Second Circuit will be faced with the task of reviewing this case on the merits, we conclude that its views on the propriety of a further remand should control. Accordingly, we shall transfer to that Circuit the Board's motion for a remand along with the other papers and documents in the case.