**1270**

PUBLIC SERVICE COMMISSION FOR
the STATE OF NEW YORK,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

MOBIL OIL CORPORATION, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

GULF OIL CORPORATION, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

SOHIO PETROLEUM COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent,
The California Company, Intervenor.

CONTINENTAL OIL COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent,
The California Company, Intervenor.

BLANCO OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

HUMBLE OIL & REFINING COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent,
Continental Oil Company et al.,
Intervenors.

SHELL OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent,
The California Company, Intervenor.

The SUPERIOR OIL COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent,
The California Company, Cities Service
Oil Company, Intervenors.

The CALIFORNIA COMPANY, a Division
of Chevron Oil Company, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

TEXACO, INC., Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

AMOCO PRODUCTION COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

AMERADA HESS CORPORATION,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

PHILLIPS PETROLEUM COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

HUNT OIL COMPANY et al., Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent.

Nos. 71–1828, 71–1836, 71–1911, 71–1913,
71–1930, 71–1970, 71–1988 to 71–1991,
71–2015, 71–2020, 71–2025, 71–2055 and
72–1071.

United States Court of Appeals,
District of Columbia Circuit.
May 26, 1972.

Messrs. John R. Rebman, Bartlesville, Okl., Martin N. Erck and Kirby Ellis were on the motion to transfer for Humble Oil & Refining Co. and others.

Messrs. Tom P. Hamill and Robert D. Haworth, Houston, Tex., Carroll L. Gil-

liam and Philip R. Ehrenkranz, Washington, D. C., were on the opposition to the motion to transfer for Mobil Oil Corp., in No. 71–1836.

Mr. Michael H. Rosenbloom, Washington, D. C., was on the opposition to the motion to transfer for Public Service Comm. for the State of New York, in No. 71–1828.

Before BAZELON, Chief Judge,[*] and WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

These cases involve review of the Federal Power Commission's opinion and Order Nos. 595 and 595–A, in its Docket Nos. AR 64–2 et al., E, Texas Gulf Coast Area Rate Proceeding. It is unquestioned that the first petition to review was filed in this court by the Public Service Commission of New York, No. 71–1828, and that this court has jurisdiction.

A motion to transfer the review proceedings to the Fifth Circuit has been filed by Humble Oil & Refining Co., and other producers, who filed petitions to review in that circuit which have been transferred to this court. They have apparently been joined by producers who have not filed a separate petition to review but have filed petitions for leave to intervene.

The theory underlying the motion is that the Commission's opinions and orders under review in the instant proceedings "are in many material decisional respects related to its findings and conclusions" in other proceedings which either have been reviewed in the Fifth Circuit or are slated for review there,[1] and raise "common questions of law, closely related questions of fact, and attempts to comply with the specific crite-

---

[*] Chief Judge Bazelon did not participate in the consideration or disposition of these cases.

[1] See Southern Louisiana Area Rate Proceeding, FPC Docket AR 61–2, reviewed in Southern Louisiana Area Rate Cases, Austral Oil Co. et al. v. FPC, 428 F.2d 407 (5th Cir. 1970), cert. denied sub nom. Municipal Distributor Group v. FPC, 400 U.S. 950, 91 S.Ct. 241, 27 L.Ed. 2d 241 (1970). Southern Louisiana II, FPC, Docket AR 69–1, under review in Placid Oil Co. et al. v. FPC, No. 71–2761, 5th Cir., filed Sept. 9, 1971.

ria set forth" by the Fifth Circuit in *Austral,* see note 1.

Movants say, *inter alia,* that the cases should be transferred to the Fifth Circuit "where the Judges are familiar with the myriad complex issues involved" and add that the members of the panel which decided *Austral* remain on the court and are presumably available for assignment to this case.

 We think denial of the motion is in furtherance of the statutory scheme that appeal responsibility be determined by the filing of the first petition to review. 28 U.S.C. § 2112(a).

That statutory command is subject to certain limited exceptions, none of which is applicable here,—

(1) For a case where the first petition to review is filed by a party who is not substantially aggrieved, in effect undercutting the assumption of a good faith petition to review.[2]

(2) For a case of virtually instantaneous filings in two or more circuits.[3]

(3) For a case where the same or inter-related proceeding was previously under review in a court of appeals, and is now brought for review of an order entered after remand, or in a follow-on phase, where continuance of the same appellate tribunal is necessary "to maintain continuity in the total proceeding."[4] The need for this doctrine is underscored by the consideration that an appellate court may retain exclusive jurisdiction, by remanding the record rather than the case,[5] and it is inappropriate that jurisdiction for unified review depend on such particularities.

 This motion goes beyond these limited exceptions and implicitly invokes a theory of specialization of tribunals. That is not what Congress has provided. The contention based on specialization of particular judges is even more debatable. The Judicial Council for this cir-

Other Southwest Area, FPC opinion and order No. 607 and 607–A, review pending, Shell Oil Co. v. FPC, No. 72–1114, 5th Cir., filed Jan. 17, 1972.

2. *See* Municipal Distributors Group v. FPC, 148 U.S.App.D.C. 343, 459 F.2d 1367 (1972) : "This court has recognized that sound doctrine resists 'forum shopping' in a case of mere technical aggrievement, see [Insurance Workers] International Union et al. v. NLRB, 126 U.S. App.D.C. 11, 373 F.2d 671 (1967)." 459 F.2d at 1369.

In International Union, United Auto etc. Workers v. NLRB [Preston Products Co. Inc.] 126 U.S.App.D.C. 12, 373 F.2d 671 (1967), the court reconsidered an order transferring cases to the Sixth Circuit, noted that the Union had not received all the relief requested at the Board stage, and stated : "We think 28 U.S.C. § 2112(a) requires respect for the forum where the Union filed its petition for review, since that was the first petition for review filed, and we cannot say either that the Union's claim is frivolous or that it is not genuinely aggrieved." It limited transfer for lack of genuine aggrievement to the case where the party filing the first petition "has received substantially all the relief contemplated, * * * the special case

where the 'inconsequential' character of the deficiency in findings or relief is established by the petitioner's own stipulation, as in *Insurance Workers, supra,* or other pleading or representation." 126 U.S.App.D.C. at 13–14, 373 F.2d at 673.

3. Int'l Union of Electrical, R. & M. Workers v. NLRB, 120 U.S.App.D.C. 45, 343 F.2d 327 (1965) (Board unable to determine whether employer filed first petition to review, in the Seventh Circuit where it does business, or Union filed first petition in the District of Columbia Circuit. Board proposed to file petition for enforcement in the Second Circuit, as place where unfair labor practice occurred. Mandamus denied.)

4. *See* Pacific Gas & Elec. Co. v. FPC, 106 U.S.App.D.C. 281, 282, 272 F.2d 510, 511 (1958) ; Eastern Air Lines v. CAB, 122 U.S.App.D.C. 375, 378, 354 F.2d 507, 510 (1965). As to *Eastern's* use of "same or interrelated" proceeding, the "interrelated" term refers to an organic relation, in what may fairly be called a single "total proceeding" and not merely similarity of legal issues.

5. NLRB v. Wilder Manufacturing Co., 147 U.S.App.D.C. 152, 454 F.2d 995 (1971) ; Greater Boston TV Corp. v. FCC, 118 U.S.App.D.C. 162, 334 F.2d 552 (1964).

cuit, at least, has adopted a system of selection of judges by lot that eschews any concept of specialized appellate judges, and contemplates broadening of judicial exposure in meeting common problems.[6] It provides for retention of the same panel that handled an earlier appeal in the same case, i. e., a situation like that identified in (3), but not for reference to a panel that handled a different case on the basis of similarity of underlying questions.

In *Municipal Distributors Group,* cited *supra* note 2, ordering transfer to the Fifth Circuit of the petition to review the FPC order in Southern Louisiana II, we noted that the Fifth Circuit had already considered Southern Louisiana I (see note 1). We need not consider whether that was, strictly, a different phase of the same or inter-related proceeding. The pleadings represented to this court that the petition to review had been time-stamped two seconds earlier in the Fifth Circuit. We declined to consider whether the principle of the exception identified in (1) might be applicable, since even if the matter were doubtful, or indeterminable, the Fifth Circuit's earlier exposure in Southern Louisiana I reenforced review in that circuit of the later proceeding which involved, *inter alia,* the FPC's authority to reconsider retrospectively certain determinations made in Southern Louisiana I.

■ Assignment to the Fifth Circuit may not be predicated on a conception that the case is solely one of local concern. The entire Nation is interested in natural gas rates, though for other purposes it may be convenient to refer to certain states as primarily producing areas, and others as consuming areas. Such issues, of national concern, have arisen—and may arise again—in a number of circuits, including the Third, Fifth, Ninth and Tenth, as well as our own. While uniformity of approach is important, in the last analysis it is provided under our system by the Supreme Court. An additional focus at the intermediate level on an issue of national consequence "is not necessarily an evil but may, on the contrary, serve like a stereopticon to enhance depth perception.[7]

Motion denied.

---

6. Brotherhood of Railroad Trainmen v. Akron B. & B.R. Co., 128 U.S.App.D.C. 59, 83, n. 53, 385 F.2d 581, 605, n. 53 (1967) cert. denied, 390 U.S. 923, 88 S.Ct. 851, 19 L.Ed.2d 983 (1968).

7. Dellinger v. Mitchell, 143 U.S.App.D.C. 60, 66, 442 F.2d 782, 788 (1971).