CHEMICAL LEAMAN TANK LINES, INC., Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants,

and

Brown Brothers Express, Inc. (Peerless Transport Corp.), Intervening Defendant.

Civ. A. No. 3560.

United States District Court, D. Delaware.

Argued Feb. 3, 1978.

Decided March 17, 1978.

722

John Williams, of Schmittinger & Rodriguez, P. A., Wilmington, Del., and Leonard A. Jaskiewicz and William H. Shawn of Grove, Jaskiewicz, Gilliam & Cobert, Washington, D. C., for plaintiff.

James W. Garvin, U. S. Atty., D. Del., by John H. McDonald, Asst. U. S. Atty., Wilmington, Del., and Ellen K. Schall, I. C. C., Washington, D. C., for defendants.

H. James Conaway, Jr., of Young, Conaway, Stargatt & Taylor, Wilmington, Del., and John A. Vuono and William A. Gray of Wick, Vuono & Lavelle, Pittsburgh, Pa., for intervening defendants.

Before SEITZ, Chief Circuit Judge, and WRIGHT and LAYTON, Senior District Judges.

## OPINION OF THE COURT

PER CURIAM:

Chemical Leaman Tank Lines has filed a "Further Complaint" asking that this three-judge court be reconvened pursuant to 28 U.S.C. § 2284, to consider plaintiff's petition to enjoin, set aside or suspend certain orders of the Interstate Commerce Commission. These parties originally were before us in 1969. At that time, we set aside an order of the ICC which denied Chemical Leaman leave to file a petition for reconsideration, reopening, or further hearing with respect to a motor carrier certificate of public convenience and necessity issued to Brown Brothers Express (Peerless Transport). *Chemical Leaman Tank Lines, Inc. v. United States,* 298 F.Supp. 1269 (D.Del. 1969). A summary of the first ten years of this litigation is contained in our 1969 opinion. *Id.* at 1270–72. Briefly, the facts pertinent to the present action are as follows.

In 1966, Chemical Leaman filed a petition with the ICC seeking to reopen the Commission's proceedings concerning the Brown Brothers certificate, in order to modify that certificate by imposing a "no-tacking" restriction thereon.* The Commission denied Chemical Leaman leave to file its petition and the carrier sought relief in this Court pursuant to the Act of June 25, 1948, ch. 646, 62 Stat. 970, then codified at 28 U.S.C. § 2325 (1964). Since we found that there was a statutory basis for Chemical Leaman's contention that such a restriction was required, we set aside the order of the ICC and directed it to permit Chemical Leaman to file its petition. 298 F.Supp. at 1272–75. Additionally, we directed the Commission to take only such further action as would be consistent with our opinion. *Id.* at 1275. In view of the inadequate administrative record then before us, we declined to rule on certain equitable contentions asserted by the intervening defendant, Brown Brothers Express (Peerless Transport). *Id.* at 1274–75.

Pursuant to our directions, the ICC vacated its prior order, permitted Chemical Leaman to file its petition, and reopened the proceedings concerning the Brown Brothers certificate. In 1973 an Administrative Law Judge ruled that Chemical Leaman was barred, under the doctrine of laches, from challenging the Brown Brothers certificate. That decision was affirmed by two appellate panels within the Commission and a final order denying the requested relief was entered in April, 1977.

Chemical Leaman now seeks to reconvene the original three-judge court to review the post-1969 actions of the ICC. In 1975, however, Congress enacted Pub.L. No. 93–584 (codified at 28 U.S.C. §§ 2321 and 2342) which gives to the courts of appeals exclusive jurisdiction to review Commission orders. Brown Brothers Express (Peerless Transport) and the ICC argue that this statute removes Chemical Leaman's present action from the jurisdiction of this Court. We agree with this contention and hold that this three-judge court, originally convened in 1968, now has no jurisdiction to consider Chemical Leaman's "Further Complaint."

Pub.L. No. 93–584 became effective on March 1, 1975. Section 10 of that statute is a "savings provision" to which Chemical Leaman points in support of this Court's jurisdiction over its complaint.

This Act shall not apply to any action commenced on or before the last day of the first month beginning after the date of enactment. However, actions to enjoin or suspend orders of the Interstate Commerce Commission which are pending when this Act becomes effective shall not be affected thereby, but shall proceed to final disposition under the law existing on the date they were commenced.

* See 298 F.Supp. at 1271 n. 6.

Act of January 2, 1975, Pub.L. No. 93–584, § 10, 88 Stat. 1917.

■ The complaint presently before us was not filed until 1977, more than two years after the effective date of Pub.L. No. 93–584. Therefore, this action could have been "pending" when that statute became effective if our 1969 disposition left something pending before this Court. Our prior order disposed of all of the issues then properly before us and remanded the case to the ICC for further proceedings. In our view, this effected a relinquishment to the Commission of our jurisdiction over the action. *See NLRB v. Wilder Manufacturing Co.,* 147 U.S.App.D.C. 152, 155, 454 F.2d 995, 998 (1971). We find this conclusion to be bolstered by the absence in our 1969 opinion and order of any indication that we intended to retain jurisdiction over this controversy. *See id.* Furthermore, in view of the overriding purpose of Pub.L. No. 93–584— the elimination of statutory three-judge courts as administrative review panels—the "savings provision" of that statute must be narrowly construed. *See* S.Rep. No. 93–500, 93d Cong., 1st Sess. 1–2 (1973); H.Rep. No. 93–1569, 2d Sess., 4 U.S.Code Cong. & Admin.News, pp. 7025–30 (1974).

■ On remand, the ICC permitted Chemical Leaman to file its petition and reopened the proceedings concerning the Brown Brothers certificate. In finding that Chemical Leaman's petition was barred by laches, the Commission based its denial of relief upon a ground specifically left open by our 1969 opinion. See 298 F.Supp. at 1274–75. Chemical Leaman's "Further Complaint" asks this Court to set aside these orders of the Commission. Such a review constitutes a new and independent action. Since it was not pending as of March 1, 1975, it does not come within the "savings provision" of Pub.L. No. 93–584, § 10.

■ Alternatively, Chemical Leaman contends that since all courts possess inherent authority to enforce their mandates, this Court has "continuing jurisdiction" over this action to ensure that its 1969 order has been followed. It is true that any court of competent jurisdiction has the power to make certain the execution of its decrees. *Riggs v. Johnson County,* 73 U.S. (6 Wall.) 166, 18 L.Ed. 768 (1867). And at least one three-judge court convened before the enactment of Pub.L. No. 93–584 has held that it continues to have jurisdiction to enter orders in ICC review actions commenced prior to March 1, 1975. *Central of Georgia Railroad v. United States,* 410 F.Supp. 354 (D.D.C.1976). That case involved a permanent injunction issued by the three-judge court and ignored by the Commission. Despite the intervention of Pub.L. No. 93–584, the *Central of Georgia Railroad* court held that it continued to have jurisdiction over a subsequent action to enforce its original injunction. *Id.* at 357–58.

■ The "Further Complaint" in this case reveals that the Commission followed our directions by permitting Chemical Leaman to file its petition, reopening the proceedings concerning the Brown Brothers certificate, and developing a record on the equitable grounds raised by Brown Brothers (Peerless). Thus there is nothing for this Court to enforce. Chemical Leaman seeks a form of relief different from that which we granted it in 1969. The legal principles upon which its complaint is based are different from those upon which we relied ten years ago. And the record presently before this Court for review is a completely new one. In such circumstances, the "continuing jurisdiction" rationale of *Central of Georgia Railroad* is not applicable. *Cf. Dugas v. American Surety Co.,* 300 U.S. 414, 428, 57 S.Ct. 515, 81 L.Ed. 720 (1937).

Since Chemical Leaman's present action to enjoin, set aside, or suspend the orders of the Interstate Commerce Commission was not pending on the effective date of Pub.L. No. 93–584, and since this Court does not have "continuing jurisdiction" over this action to grant the requested relief, exclusive jurisdiction over this action is vested in the court of appeals pursuant to 28 U.S.C. §§ 2321 and 2342. This three-judge court is without jurisdiction to consider Chemical Leaman's complaint. *See Keller Trucking,*

*Inc. v. United States,* 73–292–Civ–JE (S.D. Fla., filed November 11, 1975).

An order will be entered dismissing the complaint for lack of subject matter jurisdiction.

See also, D.C., 426 F.Supp. 690.