**Kenneth SPRAGUE and Charles Jordan, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Margaret M. HECKLER, in her capacity as Secretary of the United States Department of Health & Human Services, Defendant.**

Civ. No. 83–0038 P.

United States District Court,
D. Maine.

Sept. 28, 1984.

Joyce Mykleby, Machias, Me., Linda Christ, Augusta, Me., Jack Comart, Pine Tree Legal Assistance, Lewiston, Me., for plaintiffs.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., Donna McCarthy, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This is an action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) for review of the final decision of the Secretary of Health & Human Services which affirmed the termination of Plaintiff Kenneth Sprague's disability insurance benefits and supplemental security income benefits. Sprague is a thirty-one year old man who became disabled commencing on December 1, 1974. His benefits were terminated administratively as of February 19, 1982. At the request of the claimant, a hearing was held before an Administrative Law Judge (ALJ). The ALJ found that the claimant suffered a sociopathic personality disorder of a mild to moderate degree. He found that this impairment did not significantly limit the claimant's ability to perform basic work activities and thus was not severe as required by 20 C.F.R. §§ 404.1521, 416.921. The Appeals Council affirmed the ALJ's decision.

Sprague filed a complaint in this Court. He sought: (1) review of the final decision of the Secretary; (2) certification of the action as a class action; (3) a declaration that standards applied by the Secretary to determine mental disabilities violate the Social Security Act; and (4) appropriate injunctive relief. After Plaintiff Charles Jordan intervened as a named plaintiff, and while Plaintiffs' motion for class certification was still pending, Plaintiff Sprague moved individually for summary judgment. In response, the Secretary filed a Motion for an Order Affirming the Decision of the Secretary. These motions are currently before the Court.

In reviewing the termination of disability benefits, the standard of this Court's review is whether the determination made by the ALJ is supported by substantial evidence. 42 U.S.C. § 405(g); *Lizotte v. Secretary of Health & Human Services*, 654 F.2d 127, 128 (1st Cir.1981). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Plaintiff presents three arguments: (1) the ALJ's finding that his impairment is not "severe" is not supported by substantial evidence; (2) the ALJ applied the wrong legal standard when making a determination of "severity"; and (3) the "severity" regulation conflicts with the Social Security Act because it precludes consideration of vocational factors. The Court has thoroughly reviewed the entire record, including the transcript of the hearing below, the exhibits and the briefs submitted by counsel. After careful consideration, the Court has determined that the case shall be remanded to the Secretary for application of the correct legal standard with respect to "severity." Under these circumstances, the question whether the "severity" regulation conflicts with the Social Security Act is not reached.

The regulations set forth a sequential analysis containing five steps for evaluating disability claims. *See* 20 C.F.R. § 404.-1520; *Goodermote v. Secretary of Health & Human Services*, 690 F.2d 5, 6–7 (1st

Cir.1982). At issue in this case is the second step, which is embodied in 20 C.F.R. § 404.1520(c):

(c) *You must have a severe impairment.* If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.

An impairment is "severe" if it significantly limits a claimant's physical or mental abilities to do basic work activities. *Id.* at § 404.1521(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs." *Id.* at § 404.1521(b). Examples of basic work activities listed in the regulations are:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

*Id.* at § 404.1521(b).

■ The subject of all the medical documents and most of the testimony was Plaintiff's mental impairment.[1] Thus, the ALJ's obligation was to determine whether Plaintiff's mental disability impaired his ability to perform the functions listed in § 404.1521(b). The record demonstrates that Plaintiff has a long history of drug abuse, but he had taken no drugs other than Valium in the three years prior to his hearing. He is administered Valium by prescription to help control his emotional instability. He easily becomes frustrated, angry and explosive. He has difficulty dealing with stressful situations. He has in the past been diagnosed as a paranoid schizophrenic. There is apparently no question, however, about his intellectual abilities. These facts call into question Plaintiff's ability to perform only one of the groups of activities listed in the regulations: "responding appropriately to supervision, co-workers and usual work situations." § 404.1521(b)(5). This should have been the focus of the ALJ's inquiry with respect to severity.

The findings of the ALJ were:

The medical evidence of record, the testimony given by the claimant, and the testimony of the Medical Advisor establishes to the satisfaction of the undersigned that as of the date of the hearing in this matter the claimant's impairment does not significantly affect his physical or mental abilities to walk; stand; sit; lift; push; pull; reach; carry; handle objects; see; hear; speak; understand, carry out, and remember simple instructions; use judgment; concentrate; or comprehend. *Furthermore, there is only a moderate degree of impairment of his ability to relate to other people; only a moderate degree of restriction of his normal daily activities; and only a moderate degree of constriction of his interests.* Accordingly, it is found that as of the date of the hearing in this matter, the claimant's impairment does not significantly limit his physical or mental ability to do basic work activities, and it is therefore no longer "severe" within the contemplation of Section 404.-1521 of Social Security Regulation No. 4 and Section 416.921 of Social Security Regulation No. 16.

(Emphasis added.) The ALJ made no specific finding regarding Plaintiff's ability to respond "appropriately to supervision, co-workers and usual work situations." It is also apparent that the ALJ made findings

concerning these problems.

---

1. Plaintiff alleged problems with his thumbs and back, but he offered no medical evidence

pertaining to considerations that are not relevant to the question of severity as defined in the regulations. The language used in the underscored portion of the ALJ's decision tracks the introduction to the listing of mental disorders in Appendix 1, § 12.00(A). The considerations listed therein are to be used in determining whether a mental disorder is included in the listings or equivalent to one included in the listings. This determination is not to be made until after it has been determined whether a claimant's impairment is severe; it constitutes the *third* step in the sequential analysis.

 It is reversible error to include considerations set forth in the third step for the purpose of deciding whether an impairment is severe under the second step. A claimant who suffers from a "severe" impairment within the meaning of the regulations may be eligible for benefits even if his impairment is not equal to one contained in the listings. *See* 20 C.F.R. § 404.1520(e) and (f). Thus, utilization of the standards relating to the third step in deciding whether an impairment is severe for the purposes of the second step could cause an improper denial of benefits. *See Arroyo v. Secretary of Health & Human Services*, 558 F.Supp. 482 (D.P.R.1983).

The evidence in support of a finding of non-severity is not so overwhelming as to enable the Court to characterize the ALJ's apparent confusion regarding the proper legal standard as harmless error. The ALJ found:

> [T]he claimant suffers from a sociopathic personality disorder, of a mild to moderate degree, which does not prevent him from conforming his behavior to societal standards, provided he continues to use prescribed dosages of the drug Valium. It is found that his impairment does preclude him from involvement in complex interactions and conflicts with members of the public, and limits him to work environments which are minimally stressful. His medical need for the drug Valium further restricts him to avoidance of work situations involving exposure to dangerous industrial machinery and to unprotected heights.

These limitations narrow considerably the range of jobs which Plaintiff could perform. One might infer from these findings that Plaintiff lacks "the abilities and aptitudes necessary to do *most jobs.*" *See* § 404.1521(b). Thus this case must be remanded to the Secretary. She must make specific findings with respect to whether Plaintiff's impairment significantly limits his ability to respond appropriately to supervision, co-workers and usual work situations. These findings must be utilized to determine whether Plaintiff's impairment is severe within the meaning of the regulations.

Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED; Defendant's Motion for an Order Affirming the Decision of the Secretary is DENIED; and this case is REMANDED to the Secretary for further proceedings consistent with this Memorandum.

So ORDERED.