**Kenneth SPRAGUE, Plaintiff,**

v.

**Margaret M. HECKLER, in her capacity as Secretary of the United States Department of Health & Human Services, Defendant.**

**Civ. No. 83–0038–P.**

United States District Court,
D. Maine.

Oct. 22, 1984.

James R. Crotteau, Pine Tree Legal Assistance, Bangor, Me., Joyce Mykleby, Machias, Me., Linda Christ, Augusta, Me., Jack Comart, Pine Tree Legal Assistance, Inc., Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., Donna McCarthy, HHS Office of Gen. Counsel, Boston, Mass., for defendant.

## DECISION ON PLAINTIFF'S MOTION FOR REINSTATEMENT OF BENEFITS

GENE CARTER, District Judge.

This case is before the Court on Plaintiff's Motion for Reinstatement of Benefits pursuant to Section 2(a) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460 (1984). Defendant has no objection to the motion. The Court has determined, however, that it cannot decide the motion because it lacks jurisdiction over the case as currently postured.

This case recently came before this Court on Plaintiff's Motion for Summary Judgment, by which Plaintiff sought review of a final decision of the Secretary of Health & Human Services pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Court decided that the Secretary had applied the incorrect legal standard in terminating Plaintiff's disability benefits and remanded to the Secretary for further proceedings on September 28, 1984. *Sprague v. Heckler*, 595 F.Supp. 1380, Civil No. 83–0038–P (D.Me. Sept. 28, 1984).

■ Absent an explicit statement indicating the retention of jurisdiction, an order remanding the case to the Secretary divests this Court of its jurisdiction. *United States v. Siviglia*, 686 F.2d 832, 838 (10th Cir.1981); *International Union, United Mine Workers, Districts 17 & 28 v. N.L. R.B.*, 468 F.2d 1139, 1142 (D.C.Cir.1972); *N.L.R.B. v. Wilder Mfg. Co.*, 454 F.2d 995, 998 (D.C.Cir.1971). The Court finds no provision in the Social Security Act, prior to the recent enactment of the Social Security Disability Benefits Reform Act of 1984, which maintains jurisdiction in the District Court after remand to the Secretary.

■ Because Plaintiff's motion relies upon the Reform Act of 1984, it must be determined whether that Act confers any jurisdiction upon this Court to decide the motion. Plaintiff identifies section 2(a) of the Reform Act of 1984 as the basis for its motion. Section 2(a) amends section 223(f) of the Social Security Act to implement a new standard of review for termination of disability benefits. Pub.L. 98–460, § 2(a). To determine the applicability of the amendments to pending cases, it is necessary to refer to section 2(d) of the Act, which provides in pertinent part:

(d)(1) The amendments made by this section shall apply only as provided in this subsection.

(2) The amendments made by this section shall apply to—

(A) determinations made by the Secretary on or after the date of the enactment of this Act;

(B) determinations with respect to which a final decision of the Secretary has not yet been made as of the date of the enactment of this Act and with respect to which a request for administrative review is made in conformity with the time limits, exhaustion requirements, and other provisions of section 205 of the Social Security Act and regulations of the Secretary;

(C) determinations with respect to which a request for judicial review was pending on September 19, 1984, and which involve an individual litigant or a member of a class in a class action who is identified by name in such pending action on such date; and

(D) determinations with respect to which a timely request for judicial review is or has been made by an individual litigant of a final decision of the Secretary made within 60 days prior to the date of the enactment of this Act.

In the case of determinations described in subparagraphs (C) and (D) in actions relating to medical improvement, the court shall remand such cases to the Secretary for review in accordance with the provisions of the Social Security Act as amended by this section.

At first glance, this case appears to be governed by section (2)(d)(2)(C) because a request for judicial review was pending on September 19, 1984. However, the Reform Act in its entirety was not enacted until October 9, 1984, when it was signed by the President. This case was remanded to the Secretary on September 28, 1984, *before* the Reform Act became effective. The Reform Act directive, contained in the final paragraph (quoted above) of section 2(d), to remand cases that were pending on September 19, 1984, is necessarily limited to cases which were pending before courts on the date of *enactment*. Nothing in the Reform Act restores jurisdiction to a District Court in a case which was remanded prior to its enactment. The Court has no jurisdiction to decide the motion. Any requests for application of the Reform Act

should be made to the Secretary, before whom the case is now pending.

Accordingly, it is

ORDERED that Plaintiff's Motion for Reinstatement of Benefits be, and is hereby, DISMISSED for lack of jurisdiction.

So ORDERED.